WILLIAM BROCKHAUSEN

V.

FREDERICK BOEHLAND ET AL.

*Highways—Abandonment—Bridges—Damages—Evidence.*

1. Abandonment of a highway is not a question dependent upon the length of time of its *non-user*, but is to be established like any other question of fact.

2. The acquisition by the public of another road as a public highway, to take the place of one which has been obstructed, is an abandonment of the latter.

3. Where a person cognizant of the fact accepts damages for injury to his property by reason of the abandonment of a highway which has become obstructed, and the opening of a new one, such damages will be presumed to include all damages which may result to him therefrom.

4. The decision of the public authorities as to whether the substituted highway is more convenient for the public than the old one is binding on the courts.

5. Where a bridge is erected by the public authorities on a public highway only for the purpose of travel, they may remove it upon abandonment of the road as a highway.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Mr. J. A. CRAIN, for appellant.

Non-user of the old road and bridge "for about a year" is no abandonment of it.

In Town of Lewiston v. Proctor, 27 Ill. 413, it was attempted to be shown that the public had acquired another and different road, which accommodated the same travel, and that there had been an abandonment in that case; the court held that the defendant had entirely failed, as the evidence abundantly showed (as appears in this case) that the road was continuously used up to the time of the obstruction. "When," say the court, "an abandonment is relied upon, it must be clearly and satisfactorily proven, and that all use of it for a

Brockhausen v. Boehland.

public road has ceased for a sufficient length of time clearly to indicate the intention; a transient or partial non-user will not suffice."

At common law the doctrine of the earlier cases is that there can be no loss of the public right by non-user. A highway once established must remain such until changed or discontinued by process of law. Angell on Highways (3d Ed.), 430.

When a highway is once established as such by the action of proper authorities, it does not cease to be such, even though unused for many years, until it has been discontinued by the proper authorities; hence, if a new road is built near an old one, and the travel is wholly diverted from the old road, over the new one, unless the old road has been regularly discontinued it remains a highway, and neither the owner of the fee nor any other person can lawfully obstruct the same, any more than he could the new road. Wood on Nuisances, Sec. 299.

Mere non-user will not prevent the people from asserting their rights; it is only where a public highway has been abandoned for a great length of time, and another road has been opened, traveled by the public and recognized by the public authorities intrusted with the control of public highways, and repaired by them as such, that an abandonment may be presumed. Galbraith v. Littiech, 73 Ill. 212.

Mr. Henry C. Hyde, for appellees.

The statements in the answer, if true, established that the portion of the old road, including the bridge in question, had been entirely abandoned, and another road in place of it legally acquired and adopted by the public, and that the bridge, therefore, was not in a public highway. It is believed this doctrine is fully sustained by the decisions in this State. Grube v. Nichols, 36 Ill. 92 ; Champlin v. Morgan, 20 Ill. 181.

On the hearing of the motion to dissolve the injunction, there was no attempt to dispute these statements in the answer, and there is nothing in the record, except the averments in the bill, to contradict them. Leave was not asked to amend the bill, and the court properly dissolved the injunction and dismissed the bill.

UPTON, P. J.  The question presented in the record before us is whether the Circuit Court of Stephenson County properly dissolved the injunction, and dismissed the bill of complaint filed herein.

The case made by the bill is, as stated, that the complainant (appellant) was about to be injured and greatly damaged by the removal of an iron bridge spanning a stream which was alleged to be upon a public highway.  The relief sought and prayed for in the bill was the injunction only.  The bill set up that appellant was the owner of a farm in the town of Silver Creek in Stephenson county, located on both sides of Yellow creek in said town; that a public highway led through the farm and across the creek on an iron bridge, which stood in the highway; that the highway and bridge were necessary for complainant's free and convenient use of his farm, as well as for the public travel; that the appellees, as highway commissioners of the town, were about to take or cause to be taken down the bridge, and remove the same, and thus to prevent and obstruct the travel upon the said highway.

The sworn answers of the three commissioners (appellees) were filed in the case, in which they each specially deny that the bridge in question was in or upon a public highway.  The answers further averred that the road in question led from the east line of the town of Silver Creek, due west to a point a few rods south of the bridge now in controversy, and then, as formerly traveled, turned north, crossing Yellow creek on said bridge, and extended north to a point sixty rods from the bridge, where it again turned due west and was the main traveled highway leading to Freeport, the county seat.  That some two years prior to the commencement of the suit a railroad had been constructed over the complainant's farm, in such course as to cross the highway twice, near the point north of the bridge and at the point near where the same turns to the west, as above stated, thus forming a small triangle, with the highway on one side thereof, and the railroad on the other, and thereby making travel on the highway difficult and dangerous to the public.  That in the spring of 1888, the commissioners of highways of that town, upon a

petition duly signed, laid out a new road sixty feet wide from a point south of the old bridge, the one in controversy, at the point south of the bridge where the old road turned north to cross the bridge, going west, along the south side of the creek forty rods, thence in a northerly direction across the creek, to intersect the old road. That the complainant then appealed from the determination of the commissioners of highway to three supervisors of the county, who, upon hearing, affirmed the order of the commissioners laying out and changing the road, and thereupon appellees paid to appellant the sum of $1,350, the damages agreed upon between the supervisors and the appellant, being in full for his damages in the change and relocation of the highway, at the point now complained of. That a new iron bridge was built with 100 foot span on the new road so laid out; that the new road was properly graded so that it in fact was a good road in all respects and was intended to be, as it in fact was, a part of the old road, and that for more than a year prior to the time of the filing of complainant's bill, the new road had been open for travel, and since such opening of the new road, the public travel had been thereon, and the old road over and across the old bridge had been discontinued and wholly abandoned by the public and is not intended to be again used by the public as a highway. Appellees insist and submit that as such commissioners of highways in such town, under the facts stated, they had and have the legal right to exercise their discretion as to the propriety and necessity of taking down and removal of the old bridge, and ask that the injunction be dissolved. The foregoing allegations of the answers were not particularly controverted, nor overcome by any evidence in the case.

Appellant filed three *ex parte* affidavits on the hearing of the motion to dissolve the injunction, tending to show the inconvenience and amount of damages appellant would sustain if the old bridge should be taken away and the old highway abandoned.

The cause was heard on appellees' motion to dissolve the injunction, upon the bill, sworn answers of appellees, replication and *ex parte* affidavits of appellant and others to the point

before indicated. The Circuit Court on hearing dissolved the injunction and dismissed the bill for want of equity at complainant's costs, and the case is brought to this court on appeal.

The error complained of is the dissolution of the injunction and dismissal of appellant's bill by the court below.

The sole contention here is, first, that the non-user of the old road and bridge for about a year, if shown by the evidence, does not constitute an abandonment; and second, that if this old road and bridge was in law and fact abandoned by the public as a highway, then such old roadway and bridge became the absolute property of the appellant, and the appellees, as such commissioners or otherwise, had no right to destroy or remove the bridge, or interfere therewith.  °

First. Abandonment of a highway is not a question of the time of its non-user, but is simply a question of fact to be established like any other question of fact in the case.

The case of Champlin v. Morgan, 20 Ill. 183, announces the rule of law to be, as the evidentiary fact, in a case like the one at bar, that if the public have acquired the legal right to another road to answer the purpose of one claimed to have been obstructed, that fact amounts to an abandonment of the road alleged to have been obstructed. So in this case, it is not disputed but that the public had acquired the legal right to another road and bridge to answer the purpose of the old ones, but had also acquired such new ones because the further use of the old road had become dangerous to the public by the crossing of railway tracks and moving cars thereon, and to avoid such danger the public had paid large sums of money, in obtaining the right of way for the new road, to the complainant, which right of way was expressly obtained and the new road and new bridge built at great cost, to protect the public from that danger, and was so built and constructed as a substitute for the old road and bridge, and when so built and constructed was adopted, traveled and used by the public. This of itself would amount in law to an abandonment of the old road and bridge by the public.

More, even, than this, in the laying out of this substituted new road, appellant must have been fully apprised of the facts,

Brockhausen v. Boehland.

and the objects and purposes for which the new road was sought, and consequently must then have known of the contemplated abandonment of the old road. He, at least, was chargeable with knowledge of the legal effect of such substitution, which, as we have seen, was the abandonment of the old road, and with it the bridge as a part of it. We find appellant under these circumstances contesting the laying out of the new substituted road, with zeal and earnestness, taking an appeal from appellees' action to the supervisors, and finally, as the averment in the sworn answers of appellees state, and which is undisputed by the evidence in the case, settles the damages agreed upon by himself and the appellate board of supervisors for the laying out of this new substituted road, and receives the sum of $1,350, paid him therefor.

Under these circumstances, we think it but just to presume, as a legal intendment, that in adjusting and settling appellant's damages, all the damages he would sustain, not only in the building of the new road and bridge, but by the abandonment of the old ones, must have been taken into consideration and full compensation made therefor, as well as all damages which could accrue from inconvenience to appellant in that abandonment of the old road and bridge.

It was not a question to be considered and determined by the trial court, whether the substituted road served the public or private conveniences as well as the old one.

The public authorities having charge of highways are invested with full power and right to judge of the relative advantages of the two roads. If they believe that the one substituted for the other was preferable and better adapted for the public use and safety, that was sufficient.

It was for them and is not for the court to determine that question. The adoption of a new and the abandonment of the old one may not and could hardly be expected to so fully accommodate a portion who use it, as the old one, yet others, no doubt, would be better accommodated by the change. Thus the general object of the two roads would be the same, and the public authorities are the judges of whether it has been attained. The question for the court is whether the

change has been, in fact, made, and not the utility of the change.

This is the law as stated in Grub v. Nichols, 36 Ill. 99, and the principles announced seem to apply to the case at bar with unusual force, and is decisive of that question in this case.

Second. Of this point it is quite sufficient to say, there is no evidence in the record before us even tending to show that the complainant was the owner of the fee in this strip of land formerly occupied by the old road and bridge, and without being such owner he certainly could have no legal claim or right thereto.

We think that the old iron bridge belonged to the town in which it was located, and was subject to the control of the highway commissioners thereof for removal or sale, as in their judgment the inhabitants of said town and the public required, after the abandonment of the old road. It was intended, when the bridge was erected, to make that structure a part of the real estate upon which it was constructed, only so far as its use should be required for travel upon the road for and during the time the public should so use it.

In our judgment, the bill in the case at bar, seeking to enjoin the removal of the iron bridge from the old and abandoned road, was properly dismissed for want of equity, and the decree of the Circuit Court is therefore affirmed.

*Decree affirmed.*