KEEN v. BOARD OF SUP'RS OF FAIRVIEW TOWNSHIP et al.

1. Since the passage of Act Cong. July 26, 1866 (Rev. St. U. S. § 2477), declaring that "the right of way for the construction of highways over

public lands not reserved for public uses is hereby granted"; and the territorial act of January 12, 1871 (Comp. Laws, § 1189), providing that all section lines shall be public highways so far as practicable—persons filing on public lands take the same subject to the right of way along section lines for highway purposes. Wells v. Pennington Co., 48 N. W. 305, 2 S. D. 1, followed.

2. Under the territorial act of January 12, 1871 (Comp. Laws, § 1189), declaring that all section lines shall be public highways so far as practicable, "provided that nothing in the act shall be so construed as to interfere with existing highways in the settled portions of the territory," a person seeking to prevent the change or vacation of a highway must show that it was legally established in a settled portion of the territory or existed by prescription, at the time such act was passed.

3. Act, Jan. 12, 1871 (Comp. Laws, § 1189), provides that all section lines shall be public highways as far as practicable. Comp. Laws, § 1296, authorizes the supervisors of a town to lay out any new road, and Sec. 1320 declares that "every road located by territorial or county authority is a county road, and shall only be changed or vacated by an order of the county commissioners." *Held,* that the town supervisors may open a road within their township on the section line of land belonging to the United States at the time Sec. 1189 was enacted; such line not being a county road, within Sec. 1320. HANEY, J., dissenting.

(Opinion filed May 26, 1896.)

Appeal from circuit court, Lincoln county. Hon. JOSEPH W. JONES, Judge.

Action to restrain a board of township supervisors and others from opening a highway. From an order continuing in force a temporary restraining order until the final determination of the action, defendants appeal. Reversed.

The facts are stated in the opinion.

*Aikens & Brown,* for appellants.

Whatever right or ownership plaintiff claims or has exercised over that portion of the real estate claimed to be owned by him in the complaint, and upon and over which said public highway is located, are and were subordinate to the paramount right of the public to use the same, whenever necessary for its welfare and convience, as a public highway. Wells v. Pennington county, 2 S. D. 1, and cases cited. See also Howard v.

Brown, (Neb.) 56 N. W. 714; Detroit etc. Ry. Co. v. City of Detroit (Mich.) 52 N. W. 52.

*O. S. Gifford*, for respondent.

FULLER, J.   This appeal from an order continuing in force a temporary restraining order, during the pendency of an action to permanently enjoin the defendants from opening and constructing a public highway upon a section line within the township of Fairview, over and upon the premises of the plaint-iff.    While evidence was offered which must be considered, both parties seem disposed to treat the motion to vacate the temporary restraining order as a demurrer to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action; and the power of the township board, under the circumstances of this case to open and construct a section line highway wholly within the township, is conceded to be the controlling question of law for the determination of this court.

Respondent, who was plaintiff in the court below, made settlement under the United States land laws, and became a homestead entryman upon the land in question, on the 6th day of June, 1871, and thereafter made final proof, and obtained from the government the patent under which he now holds a portion of the premises, one acre of which, consisting of thirty-three feet along each side of the section line, is sought to be opened up and prepared for use as a public highway.    As shown upon a diagram contained in the abstract, and from the averments of the complaint, and an affidavit offered in evidence, it appears that a road was surveyed across Fairview township, without reference to section lines, in the year 1870, and that the same has ever since been used as a highway and traveled by the public for more than 20 years prior to the commencement of this suit; that the proposed road upon the section line runs for some distance and entirely across respondent's premises, parallel with said highway, and about eighty rods therefrom.    Extending north from the sections in which respondent's land is situa-

ted, the old road is for a distance of one mile upon the section line, and apparently within the sixty-six feet which appellants claim the right to open up, and use as a highway. While appellants have neither taken steps nor threatened to change, vacate or discontinue said old road, it is alleged that the contemplated road along the section line would interfere therewith, operate as a discontinuance thereof, and render the same useless. If considered essential, further facts will be stated and discussed with the law applicable thereto. No claim is made that any of appellants' proceedings were irregular, or that the section line in question is not feasible, or that any natural obstacle or obstruction of any kind exists thereon other than the fences which respondent had placed there, and which appellants were attempting to remove for the purpose of opening the highway.

On the 26th day of July, 1866, congress passed an act by which the rights of all settlers upon the public domain were restricted as follows: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." Rev. St. U. S. § 2477. The foregoing congressional grant constitutes an unconditional conveyance of an indefeasible interest to the public, and every right or interest subsequently acquired under the general land laws has been taken subject thereto. Wells v. Pennington Co., 2 S. D. 1, 48 N. W. 305, and cases cited. Prior and at all times since respondent entered and acquired an interest in the lands described in his complaint, the following legislative enactment was and is in full force: "All section lines shall be and are hereby declared public highways as far as practicable; provided that nothing in this act shall be so construed as to interfere with existing highways in the settled portions of the territory." Comp. Laws, § 1189; Sess. Laws 1871. At the time of the passage and approval of this section (January 12, 1871), all territorial roads, unless otherwise specified, were, by express enactment (Chap. 72, Laws 1862), required to be 80 feet

in width; but, by Sec. 1190 of the Compiled Laws, the board of county commissioners were authorized to vacate or change said roads within their respective counties as provided by the next section (1191), which, in effect, declares that all public highways along section lines shall be 66 feet wide, taken equally from each side of the line, except territorial roads located by the legislative assembly within the respective counties, which may be changed or vacated by the county commissioners, as provided in the preceding section, subject, however, to the limitations of Sec. 1189 in case of an interference with existing highways in the settled portions of the territory.    The evident legislative scheme and intention were to conform, so far as practicable, our public roads to the section-line system, wherever it could be done without substantial interference with highways existing in the settled portions of the territory at the time of the passage of the act of 1871; and the word "interfere," as used therein, when construed in its proper relation and with reference to the purpose for which it was employed, should be liberally construed.    Whether such an old road, upon a section line, 80 feet in width, could be reduced to 66 feet, or be changed to meet the requirement that 33 feet shall be taken from each side of the section line, or where in close proximity be made to conform thereto, would constitute an interference, in contemplation of the statute, need not at this time be determined.    From the allegations of the complaint, and the evidence offered in support thereof, it affirmatively appears that the old road therein mentioned had not been open and in use as such during 20 years next preceding March 9, 1883; and the same could not, therefore, become an established highway by prescription, within Sec. 1216 of the Compiled Laws; and it was therefore incumbent upon respondent to plead and prove that the proper authorities had legally established said road in a settled portion of the territory, prior to March 12, 1871, when Sec. 1189 became a law.

The contention of counsel for respondent that the old road in question was laid out and established in the year 1870, in

accordance with Chap. 71 of the Laws of 1862, does not appear to be fully sustained by the record upon which he relies, or at all.   Under that chapter, the board may, upon petition, order county roads to be located, and "appoint commissioners to survey, view, and locate the same."   While it seems that certain commissioners or viewers were, upon petition, appointed to locate a county road, who upon the 15th day of October, 1870, made a favorable report, and recommended a survey of a road in the vicinity of the highway now under consideration, nothing further appears from the county records to have been accomplished until the year 1881, when this road, which had been used continuously by the public for 11 years prior thereto, and described in the complaint as the highway with which appellants are attempting to interfere, was officially and legally established.   It is therefore clear that the road in question neither existed by prescription nor by the exercise of legal authority until long after the passage and approval of the act of January 12, 1871, declaring section lines to be public highways; and, as said section was designed to prevent interference only with highways then existing in settled portions of the territory, it becomes unnecessary to determine whether the acts complained of constitute an interference with said road, within the purview of the statute above mentioned.

In the absence of an affirmative act, or anything to indicate an intention on the part of the board of county commissioners, to vacate the section line as a road, counsel's claim that, in effect and without an expression, the order of 1881, by which the old road was established, operated retroactively as a discontinuance and vacation of the unopened highway, located by the legislature upon the section line, cannot be considered with favor and we conclude, without hesitation, that said road has never been vacated or changed in any manner.

As the view entertained and herein expressed renders unnecessary a consideration of many of the points urged by counsel for appellants, and discussed in respondent's brief, we will

pass directly to an examination of another branch of the paramount question, namely, the power of a township board to open and construct a highway wholly within a township and upon a section line.   To discuss or even to refer to all the legislative enactments which must be considered as bearing indirectly upon this important question is not essential to a proper determination thereof.   Prior to the enactment of Chap. 112, Laws 1883, and with the exception of legislative authority to establish territorial roads, the board of county commissioners appears to be the only tribunal having power to establish, vacate, change, or discontinue a public highway, wholly within the boundaries of a county.   Although previous to the passage of Sec. 1189, in the year 1871, numerous territorial roads had been established by direct legislative enactment, as well as a large number of county roads by the board of county commissioners in the manner provided by law, it does not appear from said section that the legislature intended thereby to establish highways of any character; and when impracticable from any cause, or when the same interfere with highways then existing in settled portions of the territory, section lines are not even declared to be public highways, which may be opened and established as such.   As the question of interference and practicability must be considered and determined by proper authority, and in the manner provided by law, before a section line can become a confirmed highway, open for public travel, it is obvious that something beyond the declaration of said section is essential to the establishment of a public highway upon a section line. Under the statutory definition of a "territorial road," it cannot be said that the section line in question constituted a county road, or a public highway established by the legislative assembly.   Comp. Laws, § 1320.   As it is clear from Sec. 1189, when considered with other provisions relating to the statutory system of highways, that the legislature located, subject to expressed limitations, a public road upon each section line to be opened or established by any authorized board or officer, and

in a manner provided by law, we conclude that the legislature located, but did not establish, such roads. As the proposed road is confined strictly to 33 feet on each side of the section line, and the title to the land in question was in the United States when a public highway was located thereon by the legislative assembly of 1871, the same may be opened by proper authority, and prepared for public use, without allowing respondent any compensation in the way of damages. Comp. Laws, § 1303; Wells v. Pennington Co., *supra.* By Sec. 1263 of the Compiled Laws, and under conditions which do not exist in the case before us, the township board is authorized to open roads within a township, upon and to the width of two rods on each side of the section line, without a survey, unless it be necessary, on account of natural obstacles rendering a portion of the section line impracticable; and for all land thus taken outside the 33 feet on each side of the section line the owner thereof is entitled to damages, assessed in the manner provided by law. Sec. 1296 of the Compiled Laws expressly provides that "the supervisors of a town may alter or discontinue any road, or lay out any new road;" and, while this provision is restricted by numerous other statutory enactments, the authority of the board of supervisors of Fairview township to open up and establish the road in controversy, without a survey, to the width of 33 feet on each side of the section line, across the premises of respondent, is clearly ascertainable from an examination of all statutory provisions which relate to the subject of public highways.

It the case of Van Antwerp v. Dell Rapids Tp. (on rehearing), 59 N. W. 209, there is nothing materially inconsistent with the construction now placed upon Sec. 1320 of the Compiled Laws; and as none of the controlling features of that case are in conflict herewith, the same requires no further notice.

The order appealed from is reversed, and the case is remanded for further proceedings not inconsistent herewith.

CORSON, P. J. (concurring specially). I concur in the view expressed by Mr. Justice FULLER that since the passage of the act of congress of July 26, 1866, and the act of the territorial legislature of 1871 (Comp. Laws, § 1189), all persons taking land in this state take it subject to the right of way for highway purposes along section lines. This was so held by this court in Wells v. Pennington Co., 2 S. D. 1, 48 N. W. 305; Howard v. Brown (Neb.), 56 N. W. 713. It affirmatively appears in this case that the plaintiff acquired his land subsequent to the passage of the territorial act of 1871. It also affirmatively appears that a highway along the section line in controversy is practicable. It will be presumed, therefore, that there is a highway located and existing by operation of law upon such section line, which the township officers have presumptively the right to open for public use as such highway. One who seeks to prevent the opening of such highway for public use by the township officers should be required to show, in a clear and satisfactory manner, such facts as take the particular section line out of the operation of the general law. Such showing was not made in this case, and for this reason, without entering upon a discussion of the conflicting statutes in this state, relating to the powers of townships and counties to locate or vacate highways, I think the order appealed from should be reversed.

HANEY, J. (dissenting). This is an appeal from an order restraining defendants, during the pendency of this action, from entering upon the inclosed premises of plaintiff, for the purpose of opening and working an alleged highway. Plaintiff had been in the quiet and peaceable possession of the premises for more than 20 years, when, without any reason, so far as the record shows, which had not existed all that time, defendants attempted to open a road through his fenced farm. He brought this action to ascertain his rights. The controversy involved the construction of several conflicting statutes, and numerous important questions of law which are new and

unsettled in this state. Such being the situation, the trial court seems to have reached the conclusion that the public, having so long refrained from using the alleged highway, would suffer no serious injury if restrained from enforcing rights of a doubtful character pending the determination of the controversy upon its merits. This is the view any considerate and careful trial court should have taken of the matter, and is the view which should be taken by this court. It leaves the parties in the position they have occupied for years, without injury to either, until the rights of both can be determined in a proper and orderly manner. The order of the circuit court should be affirmed.