SAMUEL H. PERRY, APPELLANT, V. WILLIAM L. STAPLE
ET AL., APPELLEES.

FILED DECEMBER 7, 1906.   No. 14,527.

Evidence examined, and *held* insufficient to prove an abandonment or
adverse occupancy of a public road.

APPEAL from the district court for Antelope county:
JOHN F. BOYD, JUDGE.   *Affirmed.*

*A. F. Mullen,* for appellant.

*George F. Boyd, contra.*

AMES, C.

The petition alleges in substance that the plaintiff is
the owner of a certain tract of land in Antelope county
across which the county board of that county located and
established a public road in the year 1887, but that more
than six years prior to the beginning of this action the
public abandoned the road for the use of various trails,
drives or pathways across his lands, to protect his prop-
erty against which he had built fences around the tract.
It is further alleged that shortly before the beginning of
this action one of the defendants, who is the county sur-
veyor of said county, and the other of them, who is over-
seer of roads for the district in which said land lies, had
proceeded, under the direction and authority of the
county board, definitely to ascertain the line and loca-
tion of said abandoned road, and to cut and destroy the
fences of the plaintiff so far as they obstruct travel
thereon.   The plaintiff avers that he and his predecessors
in title are, and have been for more than ten years last
past, the owners and in the exclusive possession of the
tract of land over and upon which said road was located,
and for more than six years prior to the beginning of the
action have been in the open, notorious, exclusive and

adverse possession of the particular strip of ground upon which the road lies, claiming to be owners thereof free from any interest therein or easement thereupon by the public by reason of said road, or otherwise, and that the conduct of the defendants, actual and threatened, is and will be of irreparable injury to him, which cannot be adequately compensated in an action at law. The prayer is for a perpetual injunction and for general relief. Issues were joined by answer and reply, and a trial was had resulting in a judgment for the defendants, from which the plaintiff appealed.

Before the trial began, the plaintiff was refused leave to amend his petition by substituting ten years for six years as the length of time of the alleged abandonment and adverse occupancy of the strip of ground comprised in the road. We think this request should have been granted, but it does not appear to us that he suffered any prejudice from its denial. We have not been assisted by oral argument of counsel in an investigation of the question of fact involved, but we have carefully read the entire record and bill of exceptions, and we concur in the opinion of the trial court that the evidence is insufficient to establish an abandonment or adverse holding of the highway for any length of time. The surface of the tract of land across which it stretches is composed of an exceedingly light, in some places drifting, sand. As a consequence, when a road has been used sufficiently to destroy the grass roots it becomes impassable, or nearly so, and travelers have on that account diverged from the established highway at various places and made and followed divers new and unauthorized paths and trails across parts of the lands of the plaintiff, and it is likely that in this way the use of parts or sections of the lawful road has been discontinued for several years, possibly, of some of them, for as great or a greater length of time as or than the plaintiff alleges. But, although the corporate authorities have established and improved another and better

45

highway which accommodates much of the travel in the vicinity, they do not appear to have done any act indicating an intent to abandon the one in controversy, nor do we think such an intent can be inferred from the fact that no attempt has been made to improve the latter, if it is capable of improvement, which is not shown. Neither do we think that the above described trespasses upon the lands of the plaintiff are indicative of an intent by the public to abandon the road, but rather of a disposition by individual travelers to avoid its difficulties by the unlawful use of private property.

For these reasons, we recommend that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.