## LOWE v. EAST SIOUX FALLS QUARRY CO.

Under Pol. Code, § 1594, declaring all section lines within the state to be "public highways" as far as practicable, a section line road becomes an established public highway, without any action or procedure on the part of the county, which no one has the right to obstruct.

Pol. Code. § 1594, declaring all section lines public highways as far as practicable, does not establish a highway on a section line where it is impracticable to construct it on such line, but any situation where it is reasonably possible to construct a highway is within the operation of that section.

A highway, having been once lawfully established, can only be vacated or abandoned by some lawful method.

The burden of proof is on one obstructing a lawfully established highway to show vacation or abandonment thereof.

A part of the section line highway not within the boundaries of a city is not within its jurisdiction, and can only be vacated by the county commissioners in accordance with Pol. Code, §§ 1594-1786.

Where a highway has ceased to be used, and another is acquired in its place, this may operate as an abandonment of the former, but an abandonment exists only where another highway is accepted in place of the pre-existing highway under such circumstances as to give the public a valid title to the new way; and a mere adoption of another way by the public, without legal right thereto, is insufficient.

That a more convenient road has been used is not sufficient to show an abandonment of an established highway.

(Opinion filed, May 11, 1910.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Wiley V. Lowe against the East Sioux Falls Quarry Company. Judgment for defendant, and plaintiiff appeals. Reversed, with directions.

*Aikens & Judge,* for appellant.

It requires no affirmative action by any board or any authority concerned with roads or streets to create a section line a highway. The governmental agent is of such a character that the strip conveyed is immune from any other than its designated purpose; that the estate granted to the public is corporeal in character rather than incorporeal and corresponds to the limited fee for particular uses and is not exposed to private appropriation by means of adverse occupation. Missouri K. & T. R. R. Co. v. Watson, 14 L. R. A. (N. S.) 592-603; N. P. Ry. Co. v. Ely, 197 U. S. 1.

*Boyce & Warren,* for respondent.

Neither section 2477 of the Revised Statutes of the United States, nor chapter 33 of the Laws of 1870 and 1871 (being section 1594 of the Revised Political Code) declare the section line between the southeast quarter of section 20 and the northeast quarter of section 29 to be a public highway. Section 2477 of the Revised Statutes of the United States provides: "The right of way for the construction of highways over public lands not reserved for public uses is hereby granted;" and section 1594 of the Revised Political Code provides: "All section lines shall be and are hereby declared public highways *as far as practicable;* * * *." Wherever the section line is or was impracticable for a highway, the act of 1871 did not declare it to be a highway. No action of boards of county commissioners or supervisors of townships is required to establish or open such highways *as are practicable* on section lines. Lawrence v. Ewart, 21 S. D. 580, 114 N. W. 709-710; Wells v. Pennington Co., 2 S. D. 1.

McCOY, J. This action was commenced by plaintiff, the appellant, against respondent, to have removed certain obstructions from what appellant claims to be a public highway, situated

on the section line between the N. E. ¼ of section 29, and the S. E. ¼ of section 20, in township 101, range 48, in Minnehaha county. Among other things, the court found that no highway had ever been opened or improved or traveled by the public on the said section line between said quarter sections, between the blacksmith shop and the northeast corner of said section 29; that the said section line from the blacksmith shop to the northeast corner of said section 29, and for a distance of about a half mile farther east to a point on said section line where the same crosses the Big Sioux river, is not practical for use as a public highway; that the public travel between points on said section line east of the river and points on said section line west of said blacksmith shop has never been upon said section line between the blacksmith shop and the river, but has always deflected either to the north or the south from said section line, and for a great many years has deflected to the south of said section line, and that prior to the commencement of this action, about 1899, the city council of the city of East Sioux Falls accepted, laid out, and improved a public highway deflecting from said section line at a point immediately west of said blacksmith shop to the south of said section line, and crossing said N. E. ¼ of 29 in a southeasterly direction into the city of East Sioux Falls, and extending through said city in a northeasterly direction across the Big Sioux river, and returning to said section at a point east of the river, and which deflected highway has ever since been exclusively used by the public; that there is no demand for a change of said highway from the course now occupied and used. To these findings the appellant excepted, and contends that the same are not sustained by and are against the evidence. In this contention we are of the opinion that appellant is in the right. It appears from the record that plaintiff is operating a stone quarry situated on the N. ½ of the N. W. ¼ of said section 29; that the Illinois Central Railway crosses a portion of said N. E. ¼ of 29 and S. E. ¼ of 20 very near the east line thereof, and has a side track on the west side of its line also crossing said section line; that formerly plaintiff hauled stone from his quarry by team

directly east upon the section line between said section 29 and 20 to the Illinois Central side track, where the same was loaded on cars for shipment; that the defendant, a corporation, is the owner of the said N. E. ¼ of 29 and S. E. ¼ of 20, and operates a stone quarry on each of said quarter sections; that defendant has constructed a blacksmith shop across said section line between said quarter sections owned by defendant, between plaintiff's quarry and said side track; that defendant has piled up riprap, built a tramway, and tracks and a wire fence across said section line between the blacksmith shop and the railway, thereby effectually preventing plaintiff and all others from using said section line as a highway between the blacksmith shop and railway tracks. It further appears that this section line highway westward from the blacksmith shop is a much traveled thoroughfare; that the Big Sioux river crosses the same section line about a half mile east of the railway tracks, where there is a highway bridge nearly upon the section line, and that east of the bridge this section line road is a well and much traveled highway; that the city of East Sioux Falls is platted and situated on the N. W. ¼ of 28, in said township; that the travel from the westward deflects from the section line about 250 feet west of the blacksmith shop to the southward, and, running irregularly in a southeasterly direction, enters the city of East Sioux Falls, and thence runs northeastwardly to the bridge across the river, and thence east on the same section line highway. In 1899, one Perry, an agent of defendant, by letter purported to authorize the city council of East Sioux Falls to use the said road deflecting southward from the section line west of the blacksmith shop across the N. E. ¼ of 29 into East Sioux Falls, and the city council by motion directed the road overseer to proceed and open up said highway, and the said city caused some work to be done on that part of the road. From the vicinity of the blacksmith shop east to the railway tracks the natural lay of the land is uneven and broken, there being a sharp, stony declivity descending from the vicinity of the shop down toward the railway, and there is also a small ravine crossing the section line between the shop and tracks, which has

rendered the highwav practically impassable, and has diverted the travel from the section line, although plaintiff hauled loads of stone from his quarry to the side track down this section line road without difficulty before defendant obstructed the course with wire fence and tramway tracks. Since the placing of these obstructions across the section line plaintiff has been compelled to haul the stone from his quarry around the deflected road into East Sioux Falls, about double the distance formerly traveled down the section line, and which new road is partly uphill.

Under and by virtue of section 1594, Pol. Code, providing that all section lines within this state shall be and are hereby declared public highways, as far as practicable, as construed in Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, and Lawrence v. Ewert, 21 S. D. 580, 114 N. W. 709, this section line road in question became an existing and established public highway without any action or procedure of any kind on the part of the county or other municipal authorities surveying or laying out the same, and which section line highway no one had the right to obstruct. Where it is impracticable to construct a highway on a section line, there the statute does not establish a highway, but any situation of affairs where it is reasonably possible to construct a road would be within the operation of the statute. If some natural barrier such as a lake or high mountain or deep gorge lay across or along the section line where it was practically impossible to construct a highway without unreasonable expense, there the statute would operate to defeat the establishment of the highway. No such situation of affairs has been shown to exist in this case. The testimony shows that plaintiff, prior to the time when defendant obstructed the way, did haul loads of stone down this section line road from the blacksmith shop to the side track. The record shows that from the side track east towards the bridge, 1,320 feet the city of East Sioux Falls has laid out Third street of said city. This highway, having been once lawfully established, could only be vacated or abandoned by some lawful method. The common-law maxim "Once a road always a road" was subject to vacation or abandonment. The burden of

proof is upon defendant in this case to show vacation or abandonment of the highway in question. Elliott on Roads and Streets, p. 658. Under the law of this state, that part of the section line highway in question between the blacksmith shop and railway track not being within the boundaries of the city of East Sioux Falls, is not within the jurisdiction of the authorities of that city, and could only be vacated by action of the board of county commissioners of Minnehaha county, in accordance with the provisions of chapter 17, Pol. Code. Where a way has ceased to be used, and another is acquired in its place, this may operate as an abandonment of the former. It seems to be generally held that an abandonment exists only where another highway is accepted in place of the pre-existing one under such circumstances as to give the public a valid title to the former or new way, and that a mere adoption of another line of travel by the public without legal right thereto is insufficient. Brockhausen v. Boehland, 36 Ill. App. 224; Id., 137 Ill. 547, 27 N. E. 458; Peoria v. Johnson, 56 Ill. 45; Galbraith v. Littiech, 73 Ill. 209; Kelley Nail Co. v. Lawrence Furnace Co., 46 Ohio St. 544, 22 N. E. 639, 5 L. R. A. 652; 15 Am. & Eng. Ency. 405; Elliott on Roads and Streets, p. 659. The rule also seems to be that because of the impassability of a road at various places, diverging roads have been use, and that a more convenient road has been estblished is not sufficient to show abandonment. Perry v. Staple, 77 Neb. 656; 110 N. W. 652; Lyons v. Mullen, 78 Neb. 151, 110 N. W. 743; Elliott on Roads and Streets, 659.

The evidence in this case fails to show that the new road diverging from the section line west of the blacksmith shop, and passing in a southeasterly direction across the N. E. 1/4 of 29, was ever legally laid out, or that the public ever acquired legal title thereto. Mr. Perry, who sought to authorize the use of the new road across the N. E. 1/4 of 29 was only the agent of the defendant corporation, and there is a total lack of any evidence tending to show that he was authorized by defendant to dedicate or give this roadway to the public. Again, there is no eviidence tending to show the exact location of this new road—nothing to

show the length or width thereof, nor the degree or angle of divergence, so that even an expert surveyor might locate it. The finding of the lower court is that it deflects from the section line immediately west of the blacksmith shop, while the evidence shows that in realiity it is 250 feet west of the shop where the. place of divergence is. Again, there is no evidence to show that the N. E. ¼ of section 29 is within the limits of the city of East Sioux Falls. If the said N. E. ¼ of section 29 is outside the city limits, then the board of county commissioners only could lay out and establish the new road in accordance with the provisions of section 1611, Pol. Code. It does not appear that the said city has any jurisdiction over any part of the said section line highway west of the railway track.

Therefore we are of the opinion, inasmuch as the said section line highway between the said S. E. ¼ of section 20 and the N. E. ¼ of section 29 is an established highway, impassable, but practical, and which may be made passable without unreasonable expense, that no vacation or abandonment thereof has been shown to exist, and that appellant is a proper party plaintiff to this action; and the judgment of the lower court should be reversed, and the circuit court directed to enter judgment for plaintiff, requiring defendant to remove the said obstruction from said section line highway.