PEDERSON, Respondent, v. CANTON
TOWNSHIP, ·Appellant
(34 N. W.2d 172.)
(File No. 8951.   Opinion filed October 11, 1948.)

**Henry C. Mundt,** of Sioux Falls, for Appellant.
**Bogue & Masten,** of Canton, for Respondent.

ROBERTS, P. J. Plaintiff brought this action to recover judgment against ·defendant township for property damage alleged to have been sustained as a result of driving his automobile into a ditch extending across a highway intersection. Judgment was for plaintiff and this appeal followed.

Defendant answered the complaint by certain admissions and denials and pleaded affirmatively that the place where the accident occurred was one where the township was under no obligation to maintain a barrier or warning and that plaintiff was contributorily negligent. The court made among others these findings:

"That on the 18th day of September, 1944, plaintiff was operating and driving a motor vehicle upon a township

highway located one mile west and one mile north of the city limits of the city of Canton, Lincoln County, South Dakota, proceeding in a northerly direction thereon.

"That the highway extending north of the intersection * * * had been abandoned some years prior to the time plaintiff was driving his motor vehicle as aforesaid. That some years prior to that time, the said section line extending north of said intersection had been occasionally used by vehicles, at which time there was a culvert or bridge across a ditch running along the north side of the east and west highway at said intersection. That said bridge and culvert had also been abandoned at the time plaintiff was driving his vehicle as aforesaid.

"That defendant had no guards across such highway of any kind or character to guard the public from accident or injury.

"That plaintiff aproached said intersection as aforesaid after dark, at about 9:30 P. M., at which time he was traveling approximately 25 to 30 miles per hour. That he had a clear vision of the road until he was close to the intersection, at which time it was lightening, and the lightening blinded him. That he intended to turn to the right at said intersection, but because of being blinded, he attempted to go straight ahead. That his car plunged into the ditch on the north side of the east and west highway, headed straight north. That at the time the car plunged into said ditch, plaintiff was traveling at a very slow speed, as he was attempting to stop."

Then followed the court's conclusions of law, to wit:

"That it was the duty of the defendant, Canton Township, to erect for the protection of travel and public safety substantial guards over and across such abandoned culvert and highway of sufficient height, width and strength to guard the public from accident or injury, and that plaintiff was rightfully traveling said highway and entitled to the protection as aforesaid; and that the failure on the part of the said defendant, Canton Township, to so protect this plaintiff is the proximate cause of the damages suffered by the plaintiff.

"That there was no negligence on the part of the plaintiff in the operation and driving of his motor vehicle which contributed to or was the proximate cause of the damages sustained by him."

The highway through the intersection along the east and west section line and the highway to the south are improved and well traveled. There is no dispute as to the fact that the right of way north of the intersection has not been improved. Slightly more than a half mile north of the intersection, a creek runs along the section line and in order to make the right of way passable it would be necessary as claimed by township officials to construct three bridges. One Mr. Payne, owner of land adjoining such right of way, for his own convenience constructed over the ditch along the north side of the intersection a plank roadway or culvert. The evidence is beyond dispute that this structure and the right of way to the north were never maintained by the township. At least a part of the right of way was fenced off by woven wire along the north line of the intersection and there was a large red post in the fence line about half way across the intersection. Testimony before the trial court was introduced to the effect that this right of way furnished access or egress to an adjoining field, but was not used by the public generally. After removal or deterioration of the timbers over the north ditch of the intersection, so far as the record shows, the township erected no guard or barrier.

■ Plaintiff predicates his claim upon the provisions of SDC 28.0913 requiring a township board "to guard any abandoned public highway, culvert, or bridge" and imposing liability for injuries resulting from the breach of such duty. A township in the construction and maintenance of highways acts in a governmental capacity and its liability is limited to that imposed by statute. Williams v. Wessington Township, 70 S. D. 75, 14 N. W.2d 493. The question is not whether the township board exercised ordinary care in protecting public travel at the intersection; liability arises from failure to guard an "abandoned public highway, culvert, or bridge."

■ In 1871 there was passed an act, Chap. 33, Laws 1870-1871, providing that "all section lines * * * shall be and are hereby declared public highways as far as practicable." The effect of this statute enacted by the territorial legislature was to accept dedication by Act of Congress, 43 U. S. C. A. § 932, of right of way for highways over public lands and to make every section line a public highway subject to the qualifications therein contained. Wells v. Pennington County, 2 S. D. 1, 48 N. W. 305, 39 Am. St. Rep. 758; Lawrence v. Ewert, 21 S. D. 580, 114 N. W. 709; Gustafson v. Gem. Tp., 58 S. D. 308, 235 N. W. 712. The ter m"highways" in its broad and general sense is defined by SDC 28.0101 as follows: "Every way or place of whatever nature open to the public, as a matter of right, for purposes of vehicular travel, is a highway. * * * The word 'road' or 'highway' whenever used in this title shall be construed to include bridges upon or which form a part of the road or highway constructed, maintained, or to be improved; also subways or underpasses and overhead crossings." SDC 28.0102 provides: "There is along every section line in this state a public highway located by operation of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by the lawful action of some authorized public officer, board, or tribunal." The words "as far as practicable" were omitted from the 1939 Code, but we need not inquire as to the effect, if any, of this change.

■ It follows from what has been said that if there was not an abandoned highway or culvert within the purview of the statute then defendant township owed no duty to the plaintiff to erect and maintain a guard or barrier and no liability was established. There is no claim that there was a vacation by affirmative record action of the township board or that the right of the public to the use of the right of way in question was lost by abandonment. Mere delay in opening a section line right of way does not constitute an abandonment. Lowe v. East Sioux Falls Quarry Co., 25 S. D. 393, 126 N. W. 609. Section 28.0913, supra, deals with the duties and liabilities of townships with respect to public

travel. Taking into consideration the object and purpose of the legslature in enacting this statute, we think that the word "abandoned" as used therein is not employed in its technical sense, but means something different than the mere relinquishment of the public right in land for highway purposes and is the equivalent of "discontinued". Where a traveled secondary highway is discontinued and another is acquired or where such a highway has ceased to be used or is vacated it is the duty of the township board to erect and maintain a guard or barrier at the point of discontinuance or at each extremity, at least, if the road is left in such condition as would likely mislead a person of ordinary prudence into believing that it is still open to travel. The legislature, in other words, did not intend to impose upon a township the duty to erect or maintain guards or barriers to prevent travelers entering a section line right of way that has not been placed under township maintenance or that has not been opened and in general use by the public. To make out an abandonment under the statute, it is not enough to show that a section line right of way has never been opened, improved nor traveled.

██ In this case there is no dispute as to the fact that the right of way north of the intersection had not been improved. Nor has it ever been in general use by the public. It leads to the creek and not to a place to which the public would ordinarily wish to travel. The mere fact that the landowner Payne built a plank roadway or culvert over the ditch solely for his own convenience does not show that the right of way or a portion of it was taken over and placed under township maintenance. LaBreck v. Hoquiam, 95 Wash. 463, 164 P. 67, L. R. A. 1917F, 297. If such structure had been in general use by the public, then perhaps it might be said that it was adopted by the township and that the township would be liable for injuries resulting from its failure to employ the safety measures required by section 28.0913, supra. We conclude that the record contains no evidence sufficient to prove that the accident was attributable to a breach of duty owing to the plaintiff under the statute.

The judgment appealed from is reversed.

SICKEL and HAYES, JJ., concur.

RUDOLPH and SMITH, JJ., dissent.