COSTAIN, et al, Respondents, v. TURNER COUNTY,
Appellant

(36 N. W.2d 382.)

(File No. 8973. Opinion filed February 28, 1949.)

**Danforth & Danforth,** of Sioux Falls, and **Andrew S. Bogue, of Parker,** for Appellant.

**Royhl & Benson,** of Huron, for Respondents.

SICKEL, J. This action involves the opening and construction of a mile of section line highway. Petition therefor was signed by freeholders of the county and filed in the office of the county auditor. Notice of hearing was given, and the petition was heard on March 6, 1946. Thereafter the board of county commissioners ordered that the highway be opened. The Costain family named in the title hereto, as owners of nearly all the land affected, appealed from the decision of the board to the circuit court. The circuit court affirmed the right of the county to construct the highway and entered judgment for the owners against the county for the sum of $1,500 as damages. From this judgment the county has appealed. The only issue presented on this appeal is whether the county is liable in damages for opening the highway.

The judgment of the circuit court is based upon a finding of fact to the effect that "Turner county, South Dakota, by contract with Hannah S. Costain in the year 1898 abandoned the statutory section line highways which had never been laid out as highways * * *." The court arrived at the amount of damages by allowing the value of seven acres taken, less two acres previously granted for highway purposes and reverted, $250; cost of fencing, $600, issue presented on this appeal is whether the county is and damages to the farm as a unit, $650, total $1,500. The question of damages therefore depends upon whether there was an abandonment of the county line highway easement, as found by the circuit court.

■ In the year 1866 Congress declared that: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." § 8, Ch. 262, 14 Stat. 253, 43 U. S. C. A. § 932. The legislature of Dakota Territory enacted Ch. 33 S. L. 1870-1871 stating: "That hereafter all section lines in this Territory shall be and are hereby declared public highways as far as practicable: * * *." The law in effect at the time provided that public highways along section lines "shall be sixty-six feet wide and shall be taken equally from each side of the section line" unless changed as provided by law.

§ 27, Ch 13, S. L. 1867-1868 as amended by Ch. 14, S. L. 1874-1875; SDC 28.0105. The federal statute made the dedication, the territorial statute accepted it, and at the same time designated the location of highways. When the Costains acquired the land by patent from the United States an area two rods wide on each side of the section line was burdened with an easement in favor of the public for highway purposes. Lawrence v. Ewert, 21 S. D. 580, 114 N. W. 709; Gustafson v. Gem Twp., 58 S. D. 308, 235 N. W. 712.

 At the trial the owners attempted to prove a contract of abandonment. Herbert R. Costain, one of the parties, testified that he heard a conversation at the farm in the year 1898 between Hannah Costain, his mother, and I. H. Newby, a county commissioner of Turner county. According to this testimony Newby told Mrs. Costain that the county desired a right of way for a permanent highway over her land, located east of the section line and running north and south along the bank of the Vermillion River; also another strip running diagonally across the northeast quarter of section 23 lying west of the section line. The witness testified that the owner of the land agreed to give the deed in consideration of a permanent waterway for livestock, and Newby said the county would put in a stock pass and build a bridge; that pursuant to this agreement Mrs. Costain conveyed the right of way to the county. There are two section lines involved in this proceeding, both running through the Costain land and the intersection is near the middle of the farm. It is the east-west section line which the county proposes to open for travel by this proceeding, for a distance of a half mile from the intersection in each direction. The north and south section line is crossed by the Vermillion River three times within the area of the Costain farm and the interest of the county in purchasing the right of way over privately owned land was the result of a desire to avoid the expense of constructing highway and bridges on the section line.

The argument in respondent's brief is to the effect that Newby was authorized to abandon the section line easement herein involved by resolution of the board of

county commissioners dated April 30, 1898. That resolution authorized the chairman "to have the proposed public highway on section 13, Township 99, Range 53, surveyed and procure deed for right-of-way." It evidently related to the transaction which culminated in the conveyance of August 25, 1898, by which the county acquired the right of way over the Costain land, the one previously referred to herein. Nothing in the resolution even remotely connects it with the public easement on the east and west section line. We, therefore, conclude that no agreement for the abandonment of the highway easement involved in this action was ever authorized, made or ratified by or on behalf of the county. Whether such agreement would have been valid if made need not be decided. Furthermore, the abandonment of a section line right of way is not established solely by evidence that it has never been opened, improved nor traveled. Pederson v. Canton Township, 72 S. D. —, 34 N. W.2d 172. The easement was never lost and, therefore, the county had the right to build the highway without compensation to the owners of the land.

The judgment for damages is reversed.

SMITH, P. J., and ROBERTS and HAYES, JJ concur.

RUDOLPH, J., dissents.

RUDOLPH, J. (dissenting). It is my opinion that the negotiations in 1898 which resulted in the deed given by Mrs. Costain related to the whole highway situation surrounding the Costain farm, that is both the north-south highway and the east-west highway. The record fairly establishes that in 1898 all concerned were of the opinion that roads on the section lines in this vicinity were not "practicable" within the meaning of the law then in effect, which provided: "All section lines shall be and hereby are declared public highways as far as practicable". Sec. 1189, Compiled Laws of Dakota, 1887. This opinion was based upon the fact that to establish highways along the section lines would require four bridges over the Vermillion river in a distance of less than one mile; three of these bridges were required on the north-south highway and one on the east-west highway. The cost of such highways would be

unreasonable and the deeded highway was substituted.When the cost of a highway on section lines is unreasonable it is impracticable within the meaning of the statute above referred to. Lowe v. East Sioux Falls Quarry Co., 25 S .D. 393, 126 N. W. 609.

This deed was given and recorded. The deeded road was established and used substantially along the deeded route. The county built a bridge over the Vermillion river on this deeded route. Portions of this new highway were built and kept in repair by the county and the whole thereof was opened for travel both north and south and east and west. Such was the condition for 50 years.

The highways on the section lines being impracticable were abandoned and the deeded highway was accepted in their place. The deed gave the public a valid title to the deeded way and under the rule announced in Lowe v. East Sioux Falls Quarry Co. supra, the public no longer had any right in the section lines. It is my opinion, therefore, that at least since 1898 when it was decided that roads on these section lines were not practicable and the deeded way was accepted in their place, these section lines have been freed of any easement for highway purposes. If the county now desires to build a road on the east and west section line it should compensate the Costains therefor. I would affirm the judgment.