310 N.W.2d 157 (1981)
Wayne THORMODSGARD, Plaintiff and Appellant,
v.
WAYNE TOWNSHIP BOARD OF SUPERVISORS, Harry Groshart, Roland Hagen and Erwin Edeler, Minnehaha County, South Dakota, Defendants and Appellees.
No. 12964.
Supreme Court of South Dakota.
Considered on Briefs November 26, 1980.
Decided September 9, 1981.
*158 Jeff Masten of Masten, Myrabo & Irons, Canton, for plaintiff and appellant.
Sam D. Sechser of Schiager, Schiager & Sechser, Sioux Falls, for defendants and appellees.
PER CURIAM.
Wayne Thormodsgard, (appellant), appeals from a judgment vacating an alternative writ of mandamus. We reverse.
Appellant owns adjoining land in Sections 28 and 29 in Wayne Township, Minnehaha County. A portion of the western edge of his property is bordered by a township-maintained gravel road running through the middle of Section 29. The section line highway that would normally separate Section 28 from Section 29 and provide central access to his land is fenced, unimproved, and apparently has never been used for travel.
Appellant instituted this action to compel the township board to open the section line highway. The trial court found
That in order to be able to construct the north-south township road separating the East Half (E ½) of Section Twenty-nine (29) from the West Half (W ½) of Section Twenty-nine (29), that the abutting land owners had to grant certain right-of-way to Wayne Township and that this would mean that land on the west edge of the property owned by Donald Klein and by the Plaintiff Wayne Thormodsgard was granted to the township at the time said road was constructed and it is anticipated that the land so granted to Wayne Township along the west edge of Section Twenty-nine (29) was so given in lieu of land along the section line between Sections Twenty-nine (29) and Twenty-eight (28).
The trial court concluded that the road bisecting Section 29 was legally located and dedicated to the public,[1] that the section line highway between Sections 28 and 29 was legally relocated by this road, and, that the township board was not required to "open and install" a section line highway between Section 28 and Section 29.
Appellant agrees that the road bisecting Section 29 is legally located and will remain a public highway until changed or vacated in some manner provided by law. SDCL 31-3-1. He does not agree that this road was intended as a relocation of the section line highway between Section 28 and Section 29. He argues that section line highways are open by operation of law and cannot be vacated or relocated absent lawful action by the appropriate governmental unit. We agree.
"There is along every section line in this state a public highway located by operation *159 of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by the lawful action of some authorized public officer, board, or tribunal." SDCL 31-18-1. Consequently, the section line highway in question is presumed to be a public highway, located by operation of law, unless vacated or relocated.
This Court has held that vacation or abandonment of a legally established public way can only occur by some lawful method. Abandonment of a section line right-of-way cannot be established solely by evidence that the highway has never been open, improved, or traveled. Costain v. Turner County, 72 S.D. 427, 36 N.W.2d 382 (1949); Pederson v. Canton Township, 72 S.D. 332, 34 N.W.2d 172 (1949). The appropriate governing board must act affirmatively to vacate or abandon a section line right-of-way. Pederson, supra; Keen v. Board of Supervisors of Fairview Township, 8 S.D. 558, 67 N.W. 623 (1896). The burden of proof is on the one obstructing a lawfully established public way to show vacation or abandonment. Aasland v. County of Yankton, 280 N.W.2d 666 (S.D.1979); Haley v. City of Rapid City, 269 N.W.2d 398 (S.D. 1978); Lowe v. East Sioux Falls Quarry, 25 S.D. 393, 126 N.W. 609 (1910).
In this case, appellee did not show that the Wayne Township Board affirmatively acted to vacate or relocate the section line highway between Sections 28 and 29. See SDCL 31-18-3, SDCL 31-3. The evidence introduced at trial indicated that the section line highway had not, in recent memory, been opened, improved, or traveled and that the highway in the middle of Section 29 was legally located. This evidence is not sufficient to show the vacation and relocation of the section line highway.
The judgment is reversed, and the case is remanded to the trial court for entry of an appropriate judgment.
NOTES
[1] SDCL 31-3-1 provides:

Whenever any road shall have been used, worked, and kept in repair as a public highway continuously for twenty years, the same shall be deemed to have been legally located or dedicated to the public, and shall be and remain a public highway until changed or vacated in some manner provided by law.