1996 SD 126

CITY OF SIOUX FALLS, a municipal corporation under the laws of the State of South Dakota, Plaintiff and Appellant,

v.

HONE FAMILY TRUST, Claude F. Hone and Ethel J. Hone, Trustees, Defendants and Appellees.

No. 19408.

Supreme Court of South Dakota.

Argued Sept. 11, 1996.

Decided Oct. 23, 1996.

Rehearing Denied Dec. 4, 1996.

R. Shawn Tornow, Chief Assistant City Attorney, Sioux Falls, for plaintiff and appellant.

Mark V. Meierhenry of Danforth, Meierhenry & Meierhenry, Sioux Falls, for defendants and appellees.

KONENKAMP, Justice.

[¶1.] The City of Sioux Falls appeals a condemnation award to the Hone Family Trust (Trust). We affirm in part, reverse in part, and remand.

## FACTS

[¶2.] To widen Kiwanis Avenue, Sioux Falls brought a condemnation action on a parcel of land held by the Trust, located near the corner of Kiwanis and 26th Street. For the purposes of our discussion, the property condemned can be separated into two sectors: 627 square feet on the east side of the residential lot, and 315 square feet, lying just to the north, abutting 26th Street. The smaller portion bordered on a section line. Sioux Falls claimed a section line easement still existed across the north 33 feet of the lot.

[¶3.] The Trust sought to prove Sioux Falls had vacated the section line right-of-way by approving a plat of the annexed Country Club Heights subdivision of which the Trust property is a part. The plat showed the section line, but no highway easement along it. Also, Sioux Falls had issued a building permit for the lot allowing an attached garage to be built within the purported section line right-of-way. In its findings, the trial court ruled Sioux Falls had abandoned the section line easement and therefore allowed the jury to award the Trust compensation for the property. The trial court also permitted the jury to award consequential damages along with damages for the reduction in value of the parcel.

[¶4.] Sioux Falls appeals raising four issues, three of which merit discussion:

I.  Whether the trial court erred in finding the City abandoned the section line right of-way?

II.  Whether the trial court erred by allowing the jury to add consequential damages to the award?

III.  Whether the City's final settlement offer was properly submitted to Hone Trust and taken into account by the trial court in awarding of attorney's fees?

## ANALYSIS AND DECISION

### [¶ 5.]  I.  Abandonment of Section Line

[¶ 6.]  We review factual findings under the clearly erroneous standard.  *Jasper v. Smith*, 540 N.W.2d 399, 401 (S.D.1995).  Clear error means, "after a review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *Fanning v. Iversen*, 535 N.W.2d 770, 773 (S.D.1995)(quoting *Cordell v. Codington County*, 526 N.W.2d 115, 116 (S.D.1994)).

[¶ 7.]  South Dakota law mandates inclusion of right-of-way easements along all section lines.  SDCL 31–18–1.  Abandonment, vacation, or relocation can only be accomplished through official action by statutorily authorized public officials, boards, or tribunals.  *Id.*; *State v. Tracy*, 539 N.W.2d 327, 329 (S.D.1995); *see also Thormodsgard v. Wayne Township Bd. of Supervisors*, 310 N.W.2d 157, 159 (S.D.1981)(abandonment of section line highway not established solely by evidence that the highway has never been opened, improved or traveled).

1.  The trial judge submitted to the jury a special interrogatory which asked what value it would award for the former section line right-of-way. The jury responded with the figure $630.

2.  SDCL 11–3–6 provides, in relevant part:
    The provisions of this chapter shall apply to every addition to, or subdivision within, any county, municipality or unincorporated town. If the land or any part thereof included in any addition or subdivision is within, adjoining, or contiguous to the boundaries of any municipality, the plat, before being recorded, shall be submitted to the governing body thereof, which shall examine the same.  If it appears that the system of streets set forth therein conforms to

[¶ 8.]  When Sioux Falls annexed Country Club Heights subdivision in 1952, the annexation plat showed only the section line, but included no section line easement designation.  Did the City's approval of the plat in this form extinguish easements operating by virtue of SDCL 31–18–1?  The trial court held that it had.  The jury awarded the Trust additional damages for the taking of the 315 square feet within the purported section line easement.[1]  We cannot say the court erred in making this ruling.

[¶ 9.]  When plats are laid, they must "particularly describe and set forth all the streets, commons, or public grounds ... giving the names, width, courses, boundaries, and extent of all such streets."  SDCL 11–3–1.  Further, "[t]he land intended to be used for streets, alleys, ways, commons, or other public uses shall be held in trust to and for the uses and purposes expressed or intended."  SDCL 11–3–12; *Tinaglia v. Ittzes*, 257 N.W.2d 724, 729 (S.D.1977).  When Sioux Falls approved the plat for Country Club Heights pursuant to SDCL 11–3–6,[2] it did not require the plat to "particularly describe and set forth" the 33–foot easement on either side of the section line designation.  SDCL 11–3–1.  Therefore, Sioux Falls accepted the plat without such easements and, in so doing, vacated the section line easement along the northern edge of the Trust property.[3]  *See Lowe v. East Sioux Falls Quarry Co.*, 126 N.W. 609, 25 S.D. 393 (1910)(a city cannot vacate a section line outside city limits, but can vacate one within city limits).  We affirm the jury's award of $630 for the smaller sector.

the system of streets of the existing plats of the municipality, that all provisions of any subdivision regulations have been complied with, that all taxes and special assessments upon the tract or subdivision have been fully paid, and that such plat and the survey thereof have been executed according to law, the governing body shall, by resolution, approve the same....

3.  In 1952 when the plat was accepted by Sioux Falls, the 1939 South Dakota Code was in effect. The provisions in the current SDCL 11–3–1, 11–3–6, and 11–3–12 are nearly identical to the 1939 version with only minor word and phrasing changes.

## [¶ 10.] II. Consequential Damages

 [¶ 11.] A party challenging as erroneous a jury instruction must show not only "that the instruction was in error, but also that it was prejudicial error to the effect that under the evidence, the jury ... probably would have returned a different verdict." *Chambers v. Dakotah Charter, Inc.,* 488 N.W.2d 63, 64 (S.D.1992)(citing *Lytle v. Morgan,* 270 N.W.2d 359, 362 (S.D.1978)). Sioux Falls complains the trial court gave conflicting instructions on compensation value. Instruction Number Thirteen guided the jury to consider consequential damages as only part of the entire reduction in value of the remaining tract (severance value). Yet, the court also advised in Instruction Number Six that the jury could add specific items of consequential damages to the severance value.

[¶ 12.] The latter instruction, allowing additional consequential damages, was clearly used in the jury's formulation. In addition to the base severance value of the land, $18,330, the jury added on two other amounts for replacing landscaping ($4,035.20) and a sprinkler system ($2,272) damaged as a result of the taking. This, along with the $630 for the smaller parcel, equaled the amount of the jury verdict, $25,267.20. The correct measure of damages "in condemnation cases where fee title is taken and only involving a partial taking is the difference between the fair market value of the unit before the taking and the fair market value of what remains after the taking." *City of Sioux Falls v. Kelley,* 513 N.W.2d 97, 103 (S.D.1994); *Basin Electric Power Co–op., Inc., v. Cutler,* 88 S.D. 214, 219, 217 N.W.2d 798, 801 (S.D. 1974); *State Highway Comm'n v. Hayes Estate,* 82 S.D. 27, 34, 140 N.W.2d 680, 684 (1966). Severance damages to the remaining property, like replacing trees and a sprinkler system, are included in this formula. *Hayes Estate,* 82 S.D. at 34, 140 N.W.2d at 684. We reverse on this issue.

## [¶ 13.] III. Settlement Offer

[¶ 14.] Sioux Falls also appeals the trial court's adverse ruling on its morning-of-trial, oral offer to settle the case and its validity in relation to the 20% rule for condemnation cases and award of attorney's fees.[4] As we have reversed a portion of the damage award, sufficiently reducing the verdict to fall outside the 20% rule, the issue is moot.

[¶ 15.] We affirm in part, reverse in part, and remand.

[¶ 16.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

---

4. The 20% rule in SDCL 21–35–23 reads:
   If the amount of compensation awarded the defendant by final judgment in proceedings pursuant to [the eminent domain] chapter is twenty percent greater than the plaintiff's final offer which shall be filed with the court having jurisdiction over the action at the time trial is commenced, and if that total award exceeds seven hundred dollars, the court shall, in addition to such taxable costs as are allowed by law, allow reasonable attorney fees and compensation for not more than two expert witnesses, all as determined by the court.