1999 SD 18

**Michael A. MILLARD and Jacqueline L. Millard, Plaintiffs and Appellants,**

**v.**

**CITY OF SIOUX FALLS, Defendant and Appellee.**

**No. 20465.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1998.

Decided Feb. 10, 1999.

Rehearing Denied March 19, 1999.

Mark V. Meierhenry of Danforth, Meierhenry & Meierhenry, Sioux Falls, for plaintiffs and appellants.

R. Shawn Tornow, Chief Assistant City Attorney, Sioux Falls, for defendant and appellee.

MILLER, Chief Justice.

[¶ 1.] Millards and City each moved for summary judgment on the issue of whether a right-of-way easement existed on the north thirty-three feet of Millards' property. The trial court granted City's motion and Millards appeal. We affirm.

## FACTS

[¶ 2.] In 1989, Michael and Jacqueline Millard purchased property from Cornell and Lois Munkvold. The property was located in Lincoln County, but was within three miles of the boundaries of the City of Sioux Falls.

[¶ 3.] In 1987, prior to selling the property, Munkvolds had the property platted.[1] The Munkvold Addition plat, which designated the section line but did not specifically designate the section-line easement, was approved by the Sioux Falls City Engineer's Office, the City Planning Commission, the City Commission, the Lincoln County Planning and Zoning Board, and the County Commission.

[¶ 4.] In December 1991, City annexed the Munkvold Addition property into its corporate limits. On its annexation plat, City specifically designated and reserved 57th Street as the section-line street.

[¶ 5.] In November 1996, City brought an action to condemn a portion of Millards' property. The action did not include the section-line right-of-way area, which was the north thirty-three feet of the property. Millards contested City's failure to condemn that portion. City dismissed the condemnation action on February 28, 1997. It then constructed the roadbed of 57th Street on the contested area.

[¶ 6.] On July 8, 1997, Millards filed suit against City alleging that no section-line easement existed and that City excluded them from, and caused damage to, their property. Millards and City each moved for summary judgment on the section-line easement issue. The trial court granted City's motion.

[¶ 7.] On appeal, Millards raise the following issues:

1. Whether the trial court may take testimony upon one party's

summary judgment motion.

2. Whether the trial court erred in refusing to apply *City of Sioux Falls v.*

*Hone Family Trust,* 1996 SD 126, 554 N.W.2d 825.

3. Whether the trial court erred in holding that an annexation map or plat can transfer estates in real property.

4. Whether the trial court erred in granting summary judgment on allegations of trespass outside of the contested thirty-three feet of the former section line.

## STANDARD OF REVIEW

[¶ 8.] Our review of a trial court's granting of summary judgment is well settled.

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.

*Walther v. KPKA Meadowlands Ltd. Partnership,* 1998 SD 78, ¶ 14, 581 N.W.2d 527, 531 (quoting *Specialty Mills, Inc. v. Citizens State Bank,* 1997 SD 7, ¶ 7, 558 N.W.2d 617, 620 (citation omitted)).

## DECISION

[¶ 9.] **1. The trial court did not err in allowing oral testimony on City's summary judgment motion.**

■ [¶ 10.] At the motions' hearing, City called two witnesses, Steve Metli, director of planning and business services for City, and

---

1. SDCL 11–6–40 required Munkvolds to plat the property. It provides:

  Any municipality with a population of fifty thousand or more ... that has adopted a comprehensive plan pursuant to this chapter may

require by ordinance that any parcel of land of forty acres or less which is located within the extraterritorial limits of the municipality, as defined by §§ 11–6–10 and 11–6–11, be platted prior to the sale or transfer of such land.

Jon Smith, city engineer. Millards called no witnesses and claim that the court erred in allowing the live testimony, because SDCL 15–6–56 does not permit oral testimony at summary judgment motion hearings. We disagree.

[¶ 11.] SDCL 15–6–56 addresses the procedural rules of motions for summary judgment, but it is silent on the issue of oral testimony at hearings on such motions. However, SDCL 15–6–43(e) addresses the permissibility of oral testimony at motions' hearings. It provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions."

[¶ 12.] The record reveals that the court informed the parties it would hear live testimony. We find it has the discretion to so order. However, oral testimony at summary judgment motions' hearings should be allowed only in rare circumstances and for the exclusive purposes of clarification or correction. Because the trial court permitted the testimony for clarification purposes,[2] we find no error.

[¶ 13.] **2. The trial court did not err in determining that the section-line easement was not vacated.**

[¶ 14.] Millards claim that County's and City's approval of the Munkvold Addition plat affirmatively vacated the section-line right-of-way. We disagree.

[¶ 15.] SDCL 31–18–1 provides that "[t]here is along every section line in this state a public highway located by operation of law, except where some portion of the highway along such section line has been heretofore vacated or relocated by lawful action of an authorized public officer, board, or tribunal." The section line is sixty-six-feet wide, with thirty-three feet on each side of the line. *State v. Tracy,* 539 N.W.2d 327, 329 (S.D.1995); *see* SDCL 31–18–2. To vacate or

abandon a section line, "[t]he appropriate governing board must act affirmatively[.]" *Thormodsgard v. Wayne Township Bd. of Supervisors,* 310 N.W.2d 157, 159 (S.D.1981) (citing *Pederson v. Canton Township,* 72 S.D. 332, 336, 34 N.W.2d 172, 174 (1948); *Keen v. Board of Supervisors of Fairview Township,* 8 S.D. 558, 563, 67 N.W. 623, 625 (1896)).

[¶ 16.] After a close review of the record, we find that no appropriate governing body took affirmative action to vacate the section line shown on the Munkvold Addition plat. County and City approved the plat, but that approval cannot be construed as a vacation.

[¶ 17.] County's approval of a plat of lands lying outside a municipality's boundaries is governed by SDCL 11–3–8, which provides in pertinent part:

If any person wishes to plat any lands lying outside the boundaries of a municipality ... the person shall submit the plat to the board of county commissioners of the county wherein such lands are situated.... The board of county commissioners shall examine the same. The board of county commissioners shall by resolution, approve the plat, and the auditor shall endorse on the plat a copy of the resolution and certify to the same if it appears that the system of streets conforms to the system of streets of existing plats and section lines of the county[.]

[¶ 18.] The Munkvold Addition plat met the requirements needed for approval. It specifically designated the section line, which conformed to the section lines of the county; nothing further was required. Therefore, County's approval of the plat did not constitute a vacation of the section-line right-of-way.

[¶ 19.] In addition, we also find that City's approval of the plat did not constitute the affirmative action needed to vacate a section line. City's approval of a plat of lands is governed by SDCL 11–3–6, which provides in part:

---

**2.** The salient testimony dealt mainly with the procedural practices of City in dealing with an-

nexation and the vacation of section lines.

The provisions of this chapter apply to every addition to, or subdivision within, any county, municipality or unincorporated town. If the land or any part of the land included in any addition or subdivision is within, adjoining, or contiguous to the boundaries of any municipality, the plat, before being recorded, shall be submitted to the governing body, or if applicable, the planning director of the municipality. If it appears that the system of streets set forth therein conforms to the system of streets of the existing plats of the municipality ... the governing body shall, by resolution, approve the plat.

[¶ 20.] City approved the plat, finding it conformed to the system of streets of the existing plats of the municipality.[3] At the time of approval, 57th Street was not yet designated, therefore, approving the plat, which only designated the section line, was proper. Nothing more was required of City.

[¶ 21.] However, Millards claim that our decision in *City of Sioux Falls v. Hone Family Trust*, 1996 SD 126, 554 N.W.2d 825, supports their claim that approval of the plat constituted a vacation of the section-line easement. We disagree. *Hone* is clearly distinguishable from the case at bar. Annexation is the distinguishing factor.

[¶ 22.] In *Hone*, City approved a plat of the annexed Country Club Heights subdivision. The plat designated the section line, but not the section-line easement. This Court held that City's acceptance of the plat constituted a vacation of the easement. *Id.* at ¶ 9, 554 N.W.2d at 826.

[¶ 23.] Here, City had not annexed the Munkvold Addition property into its corporate limits at the time it and County approved the plat. Therefore, the plat of the property was not approved as an annexed subdivision, but rather as a private plat for the transfer of property. In addition, in contrast to *Hone*, when the Munkvold Addition property was annexed, 57th Street was designated as such on the annexation plat. Therefore, at the time of annexation, the appropriate governing authority, City, took affirmative action to vacate the section line by establishing a street. Clearly, the annexation of property and the creation of streets in the annexed area constitute affirmative lawful action sufficient for vacating a section line. However, mere approval of a plat prepared for the transfer of property is insufficient.

[¶ 24.] We find that absent annexation, specific affirmative action must be taken by an appropriate government authority to vacate a section-line right-of-way. Here, no affirmative action was taken to vacate the section line, so no vacation occurred. *See Tracy*, 539 N.W.2d at 329 (citing *Thormodsgard*, 310 N.W.2d at 159). Accordingly, summary judgment in favor of City was appropriate.

[¶ 25.] **3. The trial court did not err in determining that the annexation plat designated and reserved the street and a public grounds within the annexation area.**

[¶ 26.] Millards claim that the annexation plat, which was filed with the annexation resolution and specifically designated 57th Street as the section-line street, constituted a map and, as such, could not transfer ownership of property within the annexed area. We disagree.

[¶ 27.] Initially, the annexation plat is as City claims—a plat of the property annexed into the City corporate limits in 1991. *See generally* SDCL 11–3–1.1(5). It is also a representation of the annexed property and of the designated streets in the annexed area.

[¶ 28.] In addition, the annexation plat did not transfer ownership of property in the annexed area. The section-line easement was created by operation of law and no affirmative action was taken to vacate it. *See Tracy*, 539 N.W.2d at 329. Thus, the section-line easement was still in effect and no transfer of property ownership occurred at the time the property was annexed into City's corporate limits. Therefore, the trial

---

**3.** The trial court corrected an obvious error on the plat, changing the street designated as Western Avenue to its correct designation, Yankton Trail Road. This error has no bearing on the outcome of this litigation.

court properly found that the annexation plat did not transfer ownership of real estate as Millards claim, but clearly established 57th Street as the section-line street.

[¶ 29.] Millards also claim the trial court erred in granting summary judgment on their claim that City trespassed on their property. They specifically claim that, when City constructed a roadbed on the contested thirty-three feet, it trespassed on the property beyond the contested area. Millards, however, fail to cite any authority to support their claim.

[¶ 30.] As this Court has repeatedly stated, " '[f]ailure to brief [a] matter supported by case or statutory authority constitutes a waiver of that issue.' " *Spenner v. City of Sioux Falls,* 1998 SD 56, ¶ 30, 580 N.W.2d 606, 613 (quoting *Weger v. Pennington County,* 534 N.W.2d 854, 859 (S.D.1995)); *see Gesinger v. Gesinger,* 531 N.W.2d 17, 22 (S.D. 1995); *Tjeerdsma v. Global Steel Bldgs., Inc.,* 466 N.W.2d 643, 644 n. 2 (SD 1991); *State v. Jones,* 416 N.W.2d 875, 878 (S.D.1987). Accordingly, this issue is deemed waived.

[¶ 31.] Affirmed.

[¶ 32.] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.

