Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota
and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 HTML Code Copyright State Bar of South Dakota, 1999
NATIONAL SUN INDUSTRIES, INC.,
a North Dakota corporation,
Plaintiff and Appellant,
v.
SOUTH DAKOTA FARM BUREAU INSURANCE COMPANY,
a South Dakota corporation,
Defendant and Appellee,
and
Max Chester,
Defendant.
[1999 SD 63]
South Dakota Supreme Court
Appeal from the Fifth Judicial Circuit, Brown County, SD
Hon. Larry H. Lovrien, Judge
#20718--Affirmed
Daniel R. Fritz, Fritz, Hogan & Johnson, Aberdeen, SD
Douglas R. Archibald, Terhaar, Archibald, Pfefferle & Griebel, Minneapolis, MN
Attorneys for Plaintiff and Appellant.
Roy A. Wise, Richardson, Groseclose, Wyly, Wise & Sauck, Aberdeen, SD
Attorneys for Defendant and Appellee.
Considered on Briefs Apr 26, 1999; Opinion Filed May 26, 1999
MILLER, Chief Justice.
[Â¶1] The trial court granted summary judgment in favor of South Dakota Farm Bureau Insurance Company (Farm Bureau). National Sun Industries, Inc. (National) appeals and we affirm.
FACTS 
[Â¶2] On September 16, 1992, National entered into a sunflower storage and handling agreement with L&O Acres, Inc. On May 23, 1993, sunflowers owned by National and stored in a bin owned by L&O were destroyed by fire.(fn1)  At the time of the incident, Farm Bureau was L&O's insurer.
[Â¶3] National sought to recover damages for its loss from L&O and, on September 8, 1994, brought suit in federal district court. Farm Bureau refused to defend the claim. In a September 27, 1994 letter to L&O, Farm Bureau denied providing liability coverage on the property. Shortly thereafter, in a November 7, 1994 letter, Farm Bureau stated that the policy exclusions excluded coverage for National's loss; therefore, it was tendering back the defense.
[Â¶4] In February 1996, L&O brought suit in state court against Farm Bureau seeking declaratory relief directing Farm Bureau to defend its claim and cover National's losses and damages. While the state court action was pending, National and L&O entered into a stipulated judgment, wherein the parties agreed that National's damages were valued at $408,000. A judgment in that amount was then entered against L&O. L&O agreed to pay $155,000 of the total judgment, and National agreed it would not collect the remainder of the judgment from L&O, but would seek satisfaction from Farm Bureau.
[Â¶5] On October 24, 1996, National filed a motion to intervene in the state court proceedings and on October 31 became the named plaintiff in the action. On September 19, 1997, Farm Bureau moved for summary judgment and the trial court granted its motion. National appeals.
[Â¶6] On appeal, National raises the following issues:


1. Whether the loss was excluded as a "business pursuit."
2. Whether, given the terms of the contract between L&O and National, the parties intended for L&O to benefit from the insurance policy National had previously purchased on its sunflower seeds, preventing it from seeking recovery from L&O or Farm Bureau.
STANDARD OF REVIEW 
[Â¶7] Our review of a trial court's granting of summary judgment is well settled.


In reviewing a grant or a denial of summary judgment under SDCL 15-5-56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. The evidence must be viewed most favorably to the nonmoving party and reasonable doubts should be resolved against the moving party. The nonmoving party, however, must present specific facts showing that a genuine, material issue for trial exists. Our task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied. If there exists any basis which supports the ruling of the trial court, affirmance of a summary judgment is proper.
Millard v. City of Sioux Falls, 1999 SD 18, Â¶8, 589 NW2d 217, 218 (quoting Walther v. KPKA Meadowlands Ltd. Partner, 1998 SD 78, Â¶14, 581 NW2d 527, 531 (citations omitted)). In addition, "[w]hen interpreting insurance contracts, we have uniformly held them reviewable as a matter of law under the de novo standard." Opperman v. Heritage Mut. Ins. Co., 1997 SD 85, Â¶3, 566 NW2d 487, 489 (citations omitted). "This includes determining whether an insurance contract is ambiguous." Id. (citing Rogers v. Allied Mut. Ins. Co., 520 NW2d 614, 616 (SD 1994)).
DECISION 
[Â¶8] The "business pursuits exclusion" excluded coverage for National's loss.
[Â¶9] The trial court determined that no ambiguity existed in the policy. The court stated that the rental of a storage bin was a business pursuit; therefore, the policy excluded it from liability coverage. National, however, claims that Farm Bureau should be estopped from denying coverage to L&O based upon the business pursuits exclusion clause. It specifically argues that Farm Bureau should be estopped from asserting the exclusion, because it did not initially claim the exclusion as the basis for coverage denial.(fn2)  It further argues that, even if Farm Bureau is not estopped from asserting the exclusion as a basis for denial, the business pursuits exclusion clauses in the policies were ambiguous or misleading. We disagree.
[Â¶10] a. Estoppel
[Â¶11] National claims that, because Farm Bureau initially denied providing liability coverage on the property, it should be estopped from later asserting the business pursuits exclusion clauses to deny coverage. We find this argument to be without merit.
[Â¶12] Generally, "where a liability insurer notifies an insured of denial of coverage on a specific basis, the insurer may be estopped from alleging additional bases for noncoverage at a later time." Weekly v. Jameson, 561 NW2d 408, 411 (MichApp 1997) (citation omitted). By denying liability, asserting a defense, or refusing to pay a loss on a specified ground, the insurer
waives or is estopped to assert other grounds relieving it from liability of which it had full knowledge where insured has acted on its position as announced and suffered resultant detriment, or, as the rule is sometimes more broadly stated, when one specific ground of forfeiture is urged against a policy of insurance, and the validity thereof denied on that ground alone, all other grounds are waived.
D.E.M. v. Allickson, 555 NW2d 596, 599 (ND 1996) (citing 46 CJS Insurance Â§821 (1993) (footnote omitted)). "The crucial elements of estoppel ... are the insurer's stated reliance upon one ground for denying liability without stating additional known grounds, and resulting prejudice to the claimant." Id. at 601.
[Â¶13] National claims, and the record supports its claim, that Farm Bureau failed to inform L&O, until after the commencement of suit, of the business pursuits exclusion clauses as the basis for denying coverage.(fn3)  It argues that Farm Bureau's late assertion of a second ground for denying coverage caused it prejudice. However, National has failed to establish any prejudice or detriment that resulted from L&O's reliance on Farm Bureau's first ground for excluding coverage. Moreover, it has failed to point to any specific evidence in the record that would support its prejudice claim.(fn4)  We find that a general assertion of "would be" prejudice is insufficient to establish the crucial elements of estoppel. Accordingly, Farm Bureau is not estopped from asserting the business pursuits exclusion as a basis for denying coverage.
[Â¶14] b. Policy ambiguity
[Â¶15] National further claims that, even if Farm Bureau is not estopped from asserting the business pursuits exclusion clauses as a defense, the insurance policy should be construed against Farm Bureau. It argues that the policy language is ambiguous and confusing,(fn5)  thus, the insurer should provide the insured the maximum amount of coverage. Again, we disagree.
[Â¶16] Farm Bureau issued two policies to L&O, a Country Squire liability policy and an umbrella policy. The relevant language in the Country Squire policy provides:


We do not cover under:


1. Coverage L(fn6)  and Coverage M bodily injury or property damage:

...

b. arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured.
The policy defines "business" as "a trade, profession or occupation, other than farming." In addition, it defines "farming" as "the process of investment, management or labor to produce agricultural products."
[Â¶17] The applicable language in the umbrella policy, as stated in the section titled "Exclusion Agreements," provides as follows:


This insurance does not apply to:

...

e. Personal injury or property damage arising out of:

(1) any business pursuits or business property (other than farming) of yours[.]
The policy defines business as "a trade, profession or occupation, other than farming, and includes any activities likely or expected to produce an annualized gross income exceeding $1000."
[Â¶18] As this Court has previously stated, "[a]n insurance policy is ambiguous when it 'is fairly susceptible to two constructions.'" Economic Aero Club v. Avemco Ins. Co., 540 NW2d 644, 645 (SD 1995) (quoting American Family Mut. Ins. v. Elliot, 523 NW2d 100, 102 (SD 1994) (citations omitted)). "Ambiguity in an insurance policy is determined with reference to the policy as a whole and the plain meaning and effect of its words." Id. When determining ambiguity in an insurance policy, specific rules of construction apply:


Where the provisions of an insurance policy are fairly susceptible of different interpretations, the interpretation most favorable to the insured should be adopted. This rule of liberal construction in favor of the insured and strictly against the insurer applies only where the language of the insurance contract is ambiguous and susceptible of more than one interpretation ... . This rule does not mean, however, that the court may seek out a strained or unusual meaning for the benefit of the insured.
Alverson v. Northwestern Nat'l Cas. Co., 1997 SD 9, Â¶8, 559 NW2d 234, 235 (citations omitted).
[Â¶19] Here, we find that the terms of the policies clearly exclude National's claimed loss. The policies' provisions and terms, when read as a whole, are not susceptible to two interpretations, but are unambiguous. Both policies clearly state that property damage arising out of business pursuits is excluded from coverage. When reading the business pursuits exclusion clauses with the definitions of business and farming, the plain meaning and effect of the words make it clear that L&O's storage of National's seeds was a business pursuit and, therefore, was excluded from coverage. If we were to read the policies' terms and definitions in any other way, we would be providing the policies with a "strained or unusual meaning," which this Court is forbidden to do. Id.; see Rumpza v. Donalar, 1998 SD 79, Â¶12, 581 NW2d 517, 521 (citations omitted); Opperman, 1997 SD 85, Â¶4, 566 NW2d at 490. As this Court has stated, "[t]he terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction." Elliot, 523 NW2d at 102 (citation omitted); see also Opperman, 1997 SD 85, Â¶11, 566 NW2d at 491. To read the policy as National suggests would require such an enlargement.
[Â¶20] Therefore, we conclude that the policies Farm Bureau issued to L&O were unambiguous. As such, the business pursuits exclusion excluded coverage of National's loss. The trial court's granting of summary judgment in favor of Farm Bureau was appropriate.
[Â¶21] Due to our resolution of this issue, we need not address the second issue raised by National.
[Â¶22] Affirmed.
[Â¶23] SABERS, AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.
Footnotes
1.  National's insurer, Indemnity, compensated it for its loss of sunflowers. 
2.  In its memorandum decision, the trial court did not address whether Farm Bureau was estopped from asserting the business pursuits exclusion clause as a basis for denying coverage when Farm Bureau initially informed L&O that it provided no liability coverage for the property. The court merely addressed the issues raised by the movant, Farm Bureau, which included the ambiguity of the business pursuits exclusion clause. However, National raised the issue in its memorandum in opposition to Farm Bureau's motion for summary judgment. In addition, both parties argued the issue in their briefs to this Court. 
3.  The record establishes that National filed suit against L&O on September 8, 1994. On September 27, Farm Bureau, by letter, denied providing liability coverage on the property. Shortly thereafter, in a November 7 letter, Farm Bureau informed L&O's counsel that it was tendering back defense of the suit because of the "business pursuits" exclusion clauses found in the policies. 
4.  It is important to note that, even though the record establishes that Farm Bureau asserted two different grounds, at two different times, for excluding coverage, the record also shows that the notification of the applicability of the business pursuits exclusion clauses came long before National and L&O entered into the stipulated judgment and long before L&O's state court action against Farm Bureau commenced. 
5.  In its brief, National claims that Farm Bureau admitted the policy and its exclusion clauses were confusing and difficult to understand. However, after reviewing the deposition testimony of Larry Hills, a Farm Bureau claim manager, we find that Hills admitted that some exclusions would be unclear to a layperson; however, he was testifying about an "insured contract" and not the business pursuits exclusion clauses. 
6.  The relevant policy language of Coverage L provides:


Coverage L:

a. bodily injury or property damage:


(i) assumed under any unwritten contract or agreement or by any contract or agreement in connection with any business.