2004 SD 86

**Karen NELSON, Plaintiff and Appellee,**

v.

**FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, Defendant and Appellant.**

No. 23074.

Supreme Court of South Dakota.

Considered on Briefs June 01, 2004.

Decided June 30, 2004.

Richard L. Travis, David A. Pfeifle of May & Johnson, Sioux Falls, South Dakota, Attorneys for defendant and appellant.

GILBERTSON, Chief Justice.

[¶ 1.] Farmers Mutual Insurance Company of Nebraska (Farmers Mutual) appeals a declaratory judgment allowing Karen Nelson (Nelson) to submit two separate claims for damages subject to the maximum underinsured motorist coverage limit. Nelson's claims arose as a result of an automobile-pedestrian collision which claimed the lives of her mother and father. We affirm the judgment of the trial court.

## FACTS AND PROCEDURE

[¶ 2.] The facts underlying this appeal are not in dispute. On September 1, 2001, a van driven by Donald Huber struck and killed Verna Mae Gloe and Larry Gloe in Watertown, South Dakota. Nelson, the daughter of Larry Gloe and Verna Mae Gloe and at all times relevant to this action a policy holder with Farmers Mutual, was not involved in the accident. Considering the circumstances surrounding the accident, Nelson was entitled to collect damages from Huber for the deaths of her parents. Huber, however, was underinsured. Insurers providing the applicable liability insurance coverage paid Nelson $41,583 in damages for the death of her father and Nelson received $40,611 in damages for the death of her mother from the relevant insurance policies.

[¶ 3.] Based upon her automobile insurance policy in effect at the time of the accident, Nelson submitted two claims to Farmers Mutual for underinsured motorist coverage arising as a result of the deaths of her mother and father. Although Farmers Mutual admitted its policy's underinsured motorist coverage entitled Nelson to seek damages as a result of her

Nancy J. Turbak, Turbak Law Office, P.C., Watertown, South Dakota, Attorney for plaintiff and appellee.

parents' deaths, the parties disagreed as to the limits of the coverage. Nelson contented that each of her claims for underinsured motorist benefits was subject to a separate $100,000 limit outlined in the policy. Farmers Mutual argued Nelson was entitled to submit only one claim as a result of her parents' deaths, subject to the $100,000 limit for underinsured motorist coverage.

[¶ 4.] Nelson subsequently commenced a suit for declaratory judgment in a South Dakota circuit court. A trial before the court was held on August 25, 2003. After considering a set of stipulated facts along with written and oral argument by Nelson and Farmers Mutual, the trial court entered findings of fact and conclusions of law granting a declaratory judgment to Nelson. Consistent with its judgment, the trial court ruled Nelson was entitled to $58,417 ($100,000 minus the previously awarded $41,583) for the death of her father and $59,389 ($100,000 minus the previously awarded $40,611) for the death of her mother. Farmers Mutual now appeals and raises the following issue for our review:

> Whether the underinsured motorist coverage contained in the Farmers Mutual insurance policy entitled Nelson to submit two separate claims for damages arising out of her parents' deaths.

Affirmed.

## STANDARD OF REVIEW

[¶ 5.] We review declaratory judgments as we would any other judgment or order. SDCL 21–24–13; *Parks v. Cooper*, 2004 SD 27, ¶ 20, 676 N.W.2d 823, 828–29. Questions of law such as the construction of an insurance contract are reviewed de novo without deference to the trial court. *Roden v. General Casualty*, 2003 SD 130, ¶ 6, 671 N.W.2d 622, 625. We review the circuit court's findings of fact under the clearly erroneous standard. *City of Deadwood v. Summit, Inc.*, 2000 SD 29, ¶ 9, 607 N.W.2d 22, 25.

## ANALYSIS AND DECISION

[¶ 6.] **Whether the underinsured motorist coverage contained in the Farmers Mutual insurance policy entitled Nelson to submit two separate claims for damages arising out of her parents' deaths.**

[¶ 7.] In the controversy presently before this Court, Farmers Mutual acknowledged Nelson was entitled to recover underinsured motorist benefits under the terms of its policy. Our task is to determine whether Nelson's claims arising out of the deaths of her mother and father are individually or collectively subject to the liability limit provided in the policy between Nelson and Farmers Mutual. This is the sole issue presented on appeal. We acknowledge courts in other jurisdictions are split on the propriety of allowing an insured, pursuant to statutorily required underinsured motorist policy provision, to recover damages arising from bodily injury or death of a third person. *Compare Wetherbee v. Economy Fire & Casualty Co.*, 508 N.W.2d 657 (Iowa 1993) (insured allowed to collect for damages sustained by third party); *Sexton v. State Farm*, 69 Ohio St.2d 431, 433 N.E.2d 555 (1982), *superseded by statute*, (insured does not have to be the person who sustained bodily injury); *State Farm v. Selders*, 187 Neb. 342, 190 N.W.2d 789 (1971); *with Farmers Insurance Exchange v. Chacon*, 939 P.2d 517 (Colo.Ct.App.1997) (denying recovery where policy limited coverage to only "bodily injury sustained by the insured person"); *Livingston v. Omaha Property and Casualty Insurance Company*, 927 S.W.2d 444 (Mo.Ct.App.1996) (public policy not offended by insurance contract's limitation of coverage to "injuries sustained by the in-

sured"); *Bartning v. State Farm Fire & Casualty,* 164 Ariz. 370, 793 P.2d 127. Given the particular facts and posture of this case, however, today's opinion does not address the wisdom or public policy of allowing such suits.

[¶ 8.] In South Dakota, automobile insurance providers must provide underinsured motorist coverage in their policies. SDCL 58–11–9.4.* Nelson's policy with Farmers Mutual provided:

> We will pay damages for *bodily injury an insured is legally entitled to collect* from the owner or driver of an underinsured motor vehicle.

(emphasis added). The policy defined "bodily injury" as "physical harm to the body, sickness, or disease and resulting death." There is no dispute that Nelson is "an insured" under the policy. According to the policy's language, liability under the underinsured motorist coverage was limited to:

> The bodily injury liability limit for *"each person"* is the maximum we will pay as damages for bodily injury to one person in any one occurrence.

(emphasis added). The policy's sets the maximum limit for recovery at $100,000.

[¶ 9.] Farmers Mutual admitted Nelson was entitled to collect damages as a result of the deaths of her mother and father. The real issue in this case revolves around who sustained the "bodily injury" as a result of the accident that claimed Nelson's parents' lives. The trial court

specifically found Nelson did not sustain any bodily injury as a result of the accident, but it followed the theory that she was entitled to collect for the bodily injury—death—her parents sustained in the accident. Thus, because the policy allowed for maximum recovery for "each person" who sustained bodily injury, it found that Nelson was entitled to two claims for damages, each claim subject to the $100,000 limit.

[¶ 10.] On appeal, Farmers Mutual argues that Nelson only had one claim for damages because she sustained "bodily injury" as result of the accident that killed her parents. It insists, therefore, that this one claim was subject to the $100,000 maximum provided by the insurance policy. Nelson counters that the policy does not explicitly require that the insured personally sustain bodily injury, but instead guarantees coverage in situations where an insured is "entitled to collect" damages.

[¶ 11.] We construe the language used in insurance contracts according to its plain, ordinary meaning and in reference to the policy as a whole. *National Sun Industries, Inc., v. South Dakota Farm Bureau Ins. Co.,* 1999 SD 63, ¶ 19, 596 N.W.2d 45, 49. When the terms of a contract are ambiguous, however, we will adopt the interpretation most favorable to the insured. *Roden,* 2003 SD 130, ¶ 10, 671 N.W.2d at 625. As we noted in *Roden,* however,

---

\* The statute provides:

> No motor vehicle liability policy of insurance may be issued or delivered in this state with respect to any motor vehicle registered or principally garaged in this state, except for snowmobiles, unless underinsured motorist coverage is provided therein at a face amount equal to the bodily injury limits of the policy. However, the coverage required by this section may not exceed the limits of one hundred thousand dollars be-
>
> cause of bodily injury to or death of one person in any one accident and, subject to the limit for one person, three hundred thousand dollars because of bodily injury to or death of two or more persons in any one accident, unless additional coverage is requested by the insured. Any policy insuring government owned vehicles may not be required to provide underinsured motorist coverage.

This rule of liberal construction in favor of the insured and strictly against the insurer applies only where the language of the insurance contract is ambiguous and susceptible of more than one interpretation.... This rule does not mean, however, that the court may seek out a strained or unusual meaning for the benefit of the insured.

*Id.* (citing *Alverson v. Northwestern Nat. Cas. Co.,* 1997 SD 9, ¶ 8, 559 N.W.2d 234, 235).

[¶ 12.] Considering the language utilized by Farmers Mutual in this particular automobile insurance policy, we believe the trial court ruled correctly. Under the terms of the contract, Farmers Mutual must pay damages "for bodily injury an insured is legally entitled to collect" from an underinsured driver. By its own terms, this provision is not limited to injuries *sustained by the insured* but to those injuries for which the insured *is legally entitled to collect.* Conversely, the policy specifically provides in cases where someone other than the insured submits a claim under the contract, coverage only exists where there are damages "because of bodily injury to the insured." By its plain language, the policy once refers to coverage for damages which an insured is entitled to collect, but another time limits coverage for damages actually sustained by the insured. This suggests the policy could have explicitly limited underinsured motorist coverage to damages arising from bodily injury suffered by the insured if that had been the parties' intent. Applying our general rules of statutory construction to the plain language Farmers Mutual employed in the policy offered to Nelson, we believe Nelson was entitled to submit claims for injuries sustained by her parents when they were killed by an underinsured motorist.

[¶ 13.] The policy limits liability for the bodily injury of "each person" to $100,000 in "each occurrence." Because we have interpreted the policy as allowing Nelson to recover for her parents' bodily injuries, Nelson was entitled to submit two separate claims because two people suffered bodily injury. Under the language of the contract, the injuries suffered by "each person," in this case Nelson's mother and father, were subject to the liability limit of $100,000. Thus, Nelson was entitled to submit two claims, each claim subject to the $100,000 limit established by the policy. The trial court's judgment and order in this case is affirmed.

[¶ 14.] We wish to stress, however, that today's holding is based upon the specific language found in the automobile policy between Nelson and Farmers Mutual. Farmers Mutual admitted Nelson could recover under the policy. A fair reading of the plain language in the policy allowed Nelson to submit claims for all damages for which she was entitled to collect from an underinsured motorist. Farmers Mutual admitted Nelson was entitled to collect from Huber, the underinsured motorist who struck and killed her parents. The public policy behind allowing an insured to recover damages arising from bodily injury sustained by another person, pursuant to a statutorily required underinsured motorist policy provision is a question that must be addressed another day.

[¶ 15.] SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.