2004 SD 114

**AMERICAN FAMILY MUTUAL INSURANCE GROUP, Plaintiff and Appellee,**

v.

**Lawrence J. KOSTANESKI, Defendant,**

**and**

**Jona Kulesza, Defendant and Appellant.**

**No. 23139.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 23, 2004.

Decided Oct. 13, 2004.

Michael A. Henderson, Douglas M. Deibert of Cadwell, Sanford, Deibert & Garry Sioux Falls, South Dakota, Attorneys for appellee.

Michael J. Simpson of Julius & Simpson, Rapid City, South Dakota, Attorneys for appellant.

GILBERTSON, Chief Justice.

[¶ 1.] American Family Mutual Insurance Group brought a declaratory action against its insured contending the policy's "criminal law exclusion" precluded coverage for injuries to a third party. The trial court determined there were no genuine issues of material fact and granted American Family's motion for summary judgment. Kulesza, the injured third party, appealed contending the trial court erred in 1) finding the "criminal law exclusion" unambiguous and enforceable; 2) refusing to apply the reasonable expectations doctrine; and 3) not finding the insurance exclusion violates public policy. Affirmed.

**FACTS AND PROCEDURE**

[¶ 2.] The facts in this case are not in dispute. On July 18, 1999, 19–year–old Lawrence J. Kostaneski fired a paintball gun in the general direction of a group of teenagers with whom he had engaged in a verbal altercation earlier that evening. Kostaneski's action resulted in a permanent eye injury to a bystander, 15–year–old Jona Kulesza. Kulesza suffered a fifty percent loss of vision in her right eye as a result of the injury.

[¶ 3.] Kostaneski was charged with four counts of assault, including one count of aggravated assault (felony) under SDCL 22–18–1.1(4). Kostaneski ultimately pleaded guilty to the single count of aggravated assault (felony) in exchange for a dismissal of the remaining three counts and to avoid a habitual criminal conviction under SDCL 22–7–7. Kostaneski was convicted and sentenced to twelve years in the South Dakota State Penitentiary.

[¶ 4.] As a result of the eye injury, the victim Kulesza filed suit against Kostaneski for personal damages. American Family, which provided homeowner's insurance for Kostaneski's father, considered Kostaneski an insured under the policy at the time of the incident. On August 25, 2003, American Family filed a declaratory judgment action in the Circuit Court for the Seventh Judicial Circuit of the State of South Dakota, the Honorable Merton B. Tice presiding.

[¶ 5.] The question raised by American Family's declaratory judgment action was whether the policy's "criminal law exclusion" disallowed coverage for Kostaneski's conduct. On November 14, 2003, American Family moved for summary judgment contending it had no obligation to defend or indemnify Kostaneski under the language of the policy. On December 12, 2003, Kulesza filed a cross-motion for summary judgment on the issue of whether American Family had a duty to defend or indemnify Kostaneski.

[¶ 6.] The Kostaneski policy contained a "criminal law exclusion" that stated: "We will not cover bodily injury or property damage arising out of: a. violation of any criminal law for which any insured is convicted." Following a hearing on the matter on December 19, 2003, the trial court determined that the policy language in question was unambiguous and excluded coverage for Kostaneski's criminal conduct. Accordingly, the trial court held that American Family had no duty to defend or indemnify and that it was entitled to summary judgment.

**STANDARD OF REVIEW**

[¶ 7.] Our standard of review for the grant or denial of a motion for summary judgment is well settled. *Holzer v. Dakota Speedway*, 2000 SD 65, ¶ 8, 610 N.W.2d 787, 791. Summary judgment is proper where "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." SDCL 15–6–56(c). "We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided." *Holzer*, 2000 SD 65, ¶ 8, 610 N.W.2d at 791 (citing *Bego v. Gordon*, 407 N.W.2d 801, 804 (S.D.1987)). All reasonable inferences drawn from the facts must be viewed in favor of the nonmoving party. *Id.* (citing *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D.1990)). The burden is on the moving party to clearly show an absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* (citing *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968)).

[¶ 8.] In addition, "[w]hen interpreting insurance contracts, we have uniformly held them reviewable as a matter of law under the de novo standard." *Opperman v. Heritage Mut. Ins. Co.*, 1997 SD 85, ¶ 3, 566 N.W.2d 487, 489 (citations omitted). "This includes determining whether an insurance contract is ambiguous." *Id.* (citing *Rogers v. Allied Mut. Ins. Co.*, 520 N.W.2d 614, 616 (S.D.1994)).

### ANALYSIS AND DECISION

[¶ 9.] **1. Whether the trial court erred in finding the "criminal law exclusion" clause was unambiguous and enforceable.**

[¶ 10.] We first address Kulesza's argument that the "criminal law exclusion" is ambiguous. Language in an insurance contract is ambiguous when it "is fairly susceptible to two constructions." *National Sun Industries, Inc. v. South Dakota Farm Bureau Ins. Co.*, 1999 SD 63, ¶ 18, 596 N.W.2d 45, 48 (quoting *American Family Mut. Ins. v. Elliot*, 523 N.W.2d 100, 102 (S.D.1994)) (citations omitted). Ambiguity will not be created merely by one party offering a different interpretation of the contract language. *Alverson v. Northwestern Nat. Cas. Co.*, 1997 SD 9, ¶ 8, 559 N.W.2d 234, 235–36 (citation omitted). Nor will the Court seek out a "strained or unusual meaning for the benefit of the insured." *Id.* (citing *Johnson v. Johnson*, 291 N.W.2d 776, 778–79 (S.D.1980)). Instead, ambiguity is "determined with reference to the policy as a whole and the plain meaning and effect of its words." *National Sun*, 1999 SD 63, ¶ 18, 596 N.W.2d at 48 (citation omitted).

[¶ 11.] The policy issued by American Family provides in part:

> We will not cover bodily injury or property damage arising out of: a. violation of any criminal law for which any insured is convicted; b. violation of any building or housing code for which any insured is convicted; or c. violation of any criminal law for which any insured is not convicted due to mental incapacity.

The "criminal law exclusion" is fairly typical in the insurance industry, with minor language variations encountered in the pertinent case law.

[¶ 12.] Kulesza argues the exclusion should only apply to criminal conduct in which the defendant intended the results of his actions. Kulesza contends that because Kostaneski did not intend to specifically injure her or anyone else at the time he shot the paintball gun, his actions were negligent rather than intentional in nature. However, Kulesza's argument fails to take into account the plain meaning of the contract language at hand.

[¶ 13.] The policy language does not limit the exclusion to intentional criminal conduct. The language excludes coverage for damage arising out of a violation of

*any* criminal law for which an insured is convicted. Contract language is not ambiguous unless rules of interpretation leave a genuine uncertainty as to which of two or more meanings is correct. *Alverson,* 1997 SD 9, ¶ 8, 559 N.W.2d at 235 (citations omitted). There is no ambiguity in the contract language at hand. The difference between intentional criminal conduct and negligent criminal conduct is irrelevant on the facts of this case.

[¶ 14.] This is further supported by a provision in the insurance contract that excludes coverage for intentional injury: "We will not cover bodily injury or property damaged caused intentionally by or at the direction of any insured even if the actual bodily injury or property damage is different than that which was expected or intended from the standpoint of any insured." The fact that intentional and criminal acts are enumerated as separate and distinct exclusions, and that the criminal exclusion does not contain language of intent, leads to the conclusion that intent is not required in order to activate the criminal conviction exclusion.

[¶ 15.] Other jurisdictions that have addressed the issue have held that a "criminal conviction exclusion" is not ambiguous. *See American Family Mut. Ins. Co. v. White,* 204 Ariz. 500, 65 P.3d 449 (Ct.App. 2003); *American Family Mut. Ins. Co. v. Hadley,* 264 Neb. 435, 648 N.W.2d 769 (2002). In *Hadley,* the Nebraska Supreme Court addressed the issue in the context of a conviction for negligent child abuse. 648 N.W.2d at 774. Despite the lack of intent under the negligent child abuse statute NebRevStat § 28–707(3), that court held the use of the phrase "any criminal conviction" in an identical exclusion was not ambiguous and did include both negligent and intentional criminal convictions. *Id.* at 778.

[¶ 16.] Kostaneski's criminal conviction for felony aggravated assault is sufficient to trigger the contract exclusion. Whether or not Kostaneski intended the results of his actions is not at issue given the contract language.

[¶ 17.] **2. Whether the trial court erred in refusing to apply the reasonable expectations doctrine.**

[¶ 18.] Kulesza argues alternatively that the doctrine of reasonable expectations applies in this case and that we should adopt that doctrine. The doctrine of reasonable expectations directs that the objectively reasonable expectations of the insured at the time of application and the intended beneficiaries regarding the terms of the insurance contract must be given effect, despite policy provisions that would negate those expectations. *Alverson,* 1997 SD 9, ¶ 13, 559 N.W.2d at 236 (citing *Dairyland Ins. Co. v. Wyant,* 474 N.W.2d 514, 516 (S.D.1991)). Although the doctrine governs interpretation of insurance contracts in other states, it is not the declared law in South Dakota. *Id.* (citations omitted).

[¶ 19.] As was the case in *Alverson,* we are not confronted with the issue of whether the doctrine might apply to an insurance contract which contained ambiguous language. *See Id.* Mr. Kostaneski himself conceded at trial that he never expected his American Family policy to cover Kulesza's injury. Due to the lack of ambiguity in the American Family criminal law exclusion, the doctrine of reasonable expectations simply does not apply under the circumstances of this case. The plain meaning of the "criminal conviction exclusion" and the policy read as a whole, exclude coverage for the injuries which resulted from the acts for which Kostaneski was criminally convicted.

[¶ 20.] 3. **Whether the trial court erred in not finding the insurance exclusion violates public policy.**

 [¶ 21.] Finally, Kulesza contends that the "criminal conviction exclusion" violates public policy, in that it denies the opportunity of recovery to innocent, injured third parties. Kulesza cites generally to SDCL Title 58 (Insurance) to support this proposition.

 [¶ 22.] However, South Dakota public policy precludes extending coverage to an individual who intentionally harms others. *State Farm Mutual Automobile Insurance Co. v. Wertz*, 540 N.W.2d 636, 640 (S.D.1995) (citing *Raphtis v. St. Paul Fire & Marine Co.*, 86 S.D. 491, 494, 198 N.W.2d 505, 507 (1972)). "It is contra bonos mores to allow a man to insure against the consequences of his own rascality or recover for a loss resulting from his own criminal conduct." *Id.* (citation omitted). The legislative expression of this public policy is contained in SDCL 53–9–3, which provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud or willful injury to the person or property of another or from violation of law whether willful or negligent, are against the policy of the law."

[¶ 23.] While Kulesza's loss of vision is undeniably tragic, it does not negate the fact that the loss occurred as a result of Kostaneski's criminal conduct and for which a proper conviction was entered. The "criminal conviction exclusion" is in accord with South Dakota's public policy, which does not support rewriting an insurance contract after the fact based on sympathy for an injured third party.

[¶ 24.] Because of the unambiguous meaning of the criminal conviction exclusion and the public policy of this state against insuring intentional wrongdoers,

we hold American Family had no duty to defend or indemnify Kostaneski for damages he inflicted upon Kulesza and for which he was criminally convicted.

[¶ 25.] Affirmed.

[¶ 26.] SABERS, ZINTER and MEIERHENRY, Justices, concur.

[¶ 27.] KONENKAMP, Justice, deeming himself disqualified, did not participate.