# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3894

_____

| | | |
|---|---|---|
| Perle O'Daniel, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| NAU Country Insurance Company, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 21, 2005
Filed: November 1, 2005

_____

Before MURPHY, HEANEY, and MELLOY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Perle O'Daniel commenced a declaratory action in district court seeking an order declaring that his loss of cattle was covered by an insurance policy issued by NAU Country Insurance Company. Following discovery, both parties moved for summary judgment. The district court granted O'Daniel's motion, and the insurance company appealed. After careful review of the briefs and the record, we conclude that the district court erroneously granted summary judgment to O'Daniel. We

therefore reverse and remand to the district court with directions to enter summary judgment in favor of the insurance company.[1]

## BACKGROUND

O'Daniel purchased an insurance policy from appellant covering various personal and real property, including numerous calves and cows, in the amount of $1,400,400. The premium was $6,643, and coverage became effective January 1, 2002. Coverage of the livestock was limited to the amount shown in the declarations. The policy covered physical loss due to theft ("any act of stealing or attempt to steal"), but was limited by several exclusions, including loss "by wrongful conversion or embezzlement." (Appellant's App. at 106-07.)

In addition to the policy application, O'Daniel completed a questionnaire detailing his livestock operation. According to the questionnaire, O'Daniel's cattle were located on several parcels of land that he rented or leased. These parcels were located anywhere from 15 to 300 miles from his home. Due to drought conditions, O'Daniel subsequently transferred the cattle, without notifying the insurance company, to Midwest Feeders, a commercial feedlot owned by David Chavez. Chavez was to feed, water, and care for the cattle.

In September 2002, O'Daniel went to Midwest Feeders and discovered that some of his cattle were missing. O'Daniel reported the loss to the South Dakota State Brand Board, which initiated an investigation. The investigation ceased when Chavez committed suicide on September 16, 2002. From September 25, 2002 to September 27, 2002, O'Daniel removed his cattle from Midwest Feeders, eventually determining that he was missing 334 cows, 369 calves, and 15 bulls. O'Daniel then

---

[1]The appellee's motion to strike certain matters contained in appellant's reply brief is denied.

filed a claim for the loss with the insurance company. While the insurance company concedes that a theft had occurred, it denied coverage on February 10, 2003 under the policy's wrongful conversion or embezzlement exclusion.

O'Daniel commenced an action in district court. Both parties moved for summary judgment, and the district court ruled in favor of O'Daniel, holding that the loss was covered under the insurance contract. The district court reasoned that the goal of contract interpretation was to carry out the mutual intent of the parties, and stated that the terms of the contract should be interpreted on the basis of "what a reasonable person in the position of the insured would have understood the words to mean." (Add. at 7 (quoting Dairyland Ins. Co. v. Wyant, 474 N.W.2d 514, 518 (S.D. 1991) (Henderson J., dissenting).[2]) Finding the conversion and embezzlement exclusion ambiguous, the district court construed the exclusion in favor of the insured, and declared the loss recoverable. The district court then declared that "[a] reasonable person is left confused by the use of the terms 'theft' and 'wrongful conversion.'" (Id. at 13.) This appeal followed.

## ANALYSIS

We review the district court's grant of summary judgment de novo and affirm only where there are no genuine issues of material fact and the district court correctly decided the legal questions. See United Tel. Co. of Missouri v. Johnson Publ'g Co., 855 F.2d 604, 607 (8th Cir. 1988). Our interpretation of the insurance policy is governed by South Dakota law. St. Paul Fire & Marine Ins. Co. v. Med. X-Ray Ctr., 146 F.3d 593, 594 (8th Cir. 1998). An insurer relying on the policy exclusion has the

---

[2]The majority in the Dairyland Insurance Company case specifically stated that the "reasonable expectations" doctrine of insurance contract interpretation was not "declared law in South Dakota," and refused to address whether it would adopt the doctrine because the insurance contract there was unambiguous. Dairyland Ins. Co., 474 N.W.2d at 518.

burden of proving the exclusion applies, and we must resolve any ambiguity in favor of the insured. Opperman v. Heritage Mut. Ins. Co., 566 N.W.2d 487, 489 (S.D. 1997). But where there is no ambiguity, we must resolve the insurance contract as it is written. O'Neill v. Blue Cross of W. Iowa & South Dakota, 366 N.W.2d 816, 818 (S.D. 1985) (holding that "[t]he terms of an unambiguous insurance policy cannot be enlarged or diminished by judicial construction.").

Under South Dakota law, we determine, de novo, whether the insurance policy terms are ambiguous, and look to "the policy as a whole and the plain meaning and effect of its words." Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins. Co., 596 N.W.2d 45, 48 (S.D. 1999) (quoting Economic Aero Club v. Avemco Ins. Co., 540 N.W.2d 644, 645 (S.D. 1995)). Ambiguity exists where the insurance policy language "is fairly susceptible to two constructions," and "will not be created merely by one party offering a different interpretation of the contract language." Am. Family Mut. Ins. Group v. Kostaneski, 688 N.W.2d 410, 413 (S.D. 2004) (quoting Nat'l Sun Indus., Inc. v. South Dakota Farm Bureau Ins., 596 N.W.2d 100, 102 (S.D. 1999)).

In our view, the conversion exclusion is not ambiguous. The policy covered theft, but specifically excluded coverage when the loss has occurred by wrongful conversion or embezzlement. "While the term 'theft' may, under some circumstances, include conversion, the term must be construed in the light of the specific exclusions contained in the insurance policy." Roth v. Farmers Mut. Ins. Co. of Neb., 371 N.W.2d 289, 291 (Neb. 1985). Thus, where an entity has lawful control of the property and then converts or embezzles that property, coverage is not provided. Id. That is precisely what happened here. The policy provided coverage for livestock located on land leased or rented by O'Daniel. O'Daniel subsequently gave control of his cattle to Chavez at Midwest Feeders, who wrongfully converted the property. Accordingly the loss is not covered by the policy.

-4-

## CONCLUSION

For the above-stated reasons, the district court's grant of summary judgment to O'Daniel is reversed, and the case is remanded to the district court to enter summary judgment in favor of the insurance company.

_____